PERSON ET AL., APPELLEES, *v.* GUM, APPELLANT.

(No. 45038—Decided February 10, 1983.)

*Mr. David J. Guidubaldi,* for appellees.

*Mr. Alan M. Petrov,* for appellant.

PATTON, C.J. Defendant-appellant, Jean Gum, appeals from a jury verdict rendered in favor of plaintiff-appellee in a negligence action.

Plaintiff-appellee, Kenneth Person, age seven, by and through his mother and next friend, Michelle Person, filed suit against appellant, Jean Gum, his elementary school teacher, Paul Fanti, principal of the elementary school, Zeddie Coley, home-liaison officer at the school, and nine John Does, unidentified representatives of the East Cleveland Board of Education, alleging that their negligence proximately caused his injuries when he was struck by a car while he walked home during lunch recess.[1]

The facts in the case at bar are as follows:

Sometime during the last week in August 1979, Michelle Person moved with her family from Tennessee to the city of East Cleveland.[2] On September 7, 1979, she registered her two children, Kimberly, age nine and appellee, age seven, at Rozelle Elementary School. Classes at Rozelle had begun on September 5. While

---

[1] Summary judgment was granted in favor of Fanti and Coley, from which no appeal was taken. Apparently, the John Does were dismissed prior to trial. The cause of action proceeded to trial against only appellant herein, Jean Gum.

[2] Ms. Person had been born and raised in Cleveland and had lived here before moving to Tennessee.

registering her children, Ms. Person was given two hot lunch application forms, which she was told to fill out and bring with her when she came back to the school on September 10, the day on which her children were to begin classes at their new school.

On the morning of September 10, she walked Kimberly and Kenneth to school for their first time. Rozelle was approximately a ten minute walk from their home. Ms. Person told her children that morning that Kenneth was to wait for his sister by the front doors after school and walk home with her. Kenneth was taken to his second-grade classroom by his mother and was there introduced to his teacher, the appellant, Jean Gum. She gave appellant Kenneth's completed hot lunch application. It was Ms. Person's impression that her children would be served a hot lunch that day.[3]

At the designated lunch hour, appellant instructed her students to form two lines by the classroom door, one line for those who had packed a lunch, and one for those who were going home for lunch.[4] Kenneth also assumed that he was going to be served a hot lunch that day. He lined up with the children who did not bring lunches, and told appellant that his mother had instructed him to walk home with his sister. Appellant discovered that due to staggered lunch periods at the school, Kenneth's sister had already eaten her lunch. She then informed him that his sister could not accompany him home. He began to cry. Appellant assumed that because Kenneth did not bring a lunch to school, he was expected home. She was never told by anyone that he was to remain at school during lunch. Appellant checked Kenneth's address, knew the area in which he lived, and determined that his walk home would take about ten minutes. She asked him if he knew his way home, and he replied that he did.[5] Appellant then permitted him to walk home.

He testified that he was still crying when he left school, and that he felt scared because he was supposed to walk home with his sister. En route to his home, he was chased by a Doberman pinscher. In attempting to elude the dog, he ran into the street where he was hit by a car.[6] As a result, he sustained personal injury.[7]

Sandra Beckett testified as an expert witness on behalf of appellee. She is a school psychologist for the Maple Heights City School District, and has taught elementary education for ten and one half years, five and one half of those years in the second grade. In response to a hypothetical question put to her on direct examination which contained the operative facts discussed above, Ms. Beckett concluded that: "[T]he teacher did not use reasonable care in releasing the child * * *. I believe that allowing him to leave under the stress in that situation was not reasonable care." She stated further that:

---

[3] In fact, hot lunches were not to be provided the students until September 17 because the school cafeteria was in the process of being remodeled. This date was written in ink on one of the hot lunch applications given to Ms. Person. She testified that she did not see this notation when she was given the applications on Friday, September 7, the day on which she registered her children.

[4] Until September 17, when the school's hot lunch program was to begin, it was Rozelle's policy to allow those students who did not bring a lunch to go home for lunch. Zeddie Coley testified that he informed Ms. Person of this option; Ms. Person testified that she was not so informed.

[5] Appellant testified that she was aware that Kenneth was new to both the neighborhood and the school.

[6] Neither the owner of the dog nor the driver of the car was ever identified.

[7] A stipulation entered into between the parties was read to the jury and disclosed that Kenneth would suffer no future permanent disability.

"[T]he teacher could have done any number of things to insure that that child understood what was the procedure, what was to be done at lunchtime, calling home, checking with the office to see if arrangements were made, even checking with his sister, who I guess was in another grade, another lunch period time, as to what she did, so that he might know what he was to do, since it appears that he did not have a clear picture of what was expected of him for that lunchtime."

The jury returned a verdict in favor of appellee in the amount of $40,000.

Appellant appeals and assigns two errors for this court's review.

## I

"The trial court erred in overruling the defendant's motion for a directed verdict at the conclusion of the evidence."

Appellant argues that the trial court erred in overruling her motion for a directed verdict made at the conclusion of the evidence.

Civ. R. 50(A)(4) provides the test for a directed verdict. This rule states that:

"When a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

Where there is substantial competent evidence to support the party against whom the motion is made, upon which evidence reasonable minds might reach different conclusions, the motion must be denied. *Baab* v. *Schockling* (1980), 61 Ohio St. 2d 55, 56 [15 O.O.3d 82]. Conversely, where there is insufficient evidence on an issue to permit reasonable minds to reach different conclusions, it is the trial court's duty to withhold this issue from the jury

and to direct a verdict thereon. *O'Day* v. *Webb* (1972), 29 Ohio St. 2d 215 [58 O.O.2d 424].

Liability for negligence is predicated upon injury caused by the failure to discharge a duty owed to the injured party. Thus, in determining the presence or absence of negligent conduct, it is necessary to examine (1) the existence of a duty owing to plaintiff, (2) a breach of that duty, and. (3) proximate causation. *Moncol* v. *Bd. of Education* (1978), 55 Ohio St. 2d 72, 75 [9 O.O.3d 75].

We observe that a duty does exist on the part of public school teachers to exercise reasonable care toward their students in the performance of their duties. *Baird* v. *Hosmer* (1976), 46 Ohio St. 2d 273 [75 O.O.2d 323].

However, we need not address the issue whether appellant breached a duty of reasonable care toward appellee by permitting him to leave school, for we find that even if she did, her negligence in this regard was not the proximate cause of appellee's injury.

"Proximate cause" was defined in the case of *Ross* v. *Nutt* (1964), 177 Ohio St. 113, 114 [29 O.O.2d 313], as follows:

"For an act to be the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of such act. * * *

"To find that an injury was the natural and probable consequence of an act, it must appear that the injury complained of could have been foreseen or reasonably anticipated from the alleged negligent act."

A further gloss on this definition which is applicable to the facts in the case at bar was provided by the court in *Taylor* v. *Webster* (1967), 12 Ohio St. 2d 53, 56 [41 O.O.2d 274], wherein it is stated:

"A rule of general acceptance is that, where the original negligence of the defendant is followed by the independent act of a third person which directly results in injurious consequences to plaintiff, defendant's earlier negligence may be

found to be a proximate cause of those injurious consequences, if, according to human experience and in the natural and ordinary course of events, *defendant could reasonably have foreseen that the intervening act was likely to happen.* * * * [Citation omitted.]

"Or, stating the proposition a little differently, the connection between the defendant's negligence as a proximate cause of an injury is not broken, *if an intervening event is one which might in the natural and ordinary course of things be anticipated as reasonably probable, and the defendant's negligence remains an important link in the chain of causation.*" (Emphasis added.)

There is no dispute that appellee came to be injured while he was walking home from school and was hit by a car after he ran into the street to avoid a dog chasing him. We think that the intervention of the dog and the car could not reasonably have been foreseen by appellant. Further, appellant's conduct in permitting appellee to leave school was not an "important link in the chain of causation," nor was it a "substantial factor" in bringing about appellee's harm. See Restatement of Torts 2d (1965), Section 431.

In arguing in support of a finding of proximate cause, appellee states that it is sufficient that a defendant's act is likely to cause injury to someone, and that it is not necessary that a defendant should have been able to foresee the injury in the precise form in which it in fact resulted. We do not disagree with this general statement of the law of foreseeability. See *Neff Lumber Co.* v. *First National Bank* (1930), 122 Ohio St. 302, 309, and *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282, 287 [21 O.O.3d 177]. Nevertheless, we conclude that appellant's conduct was not likely to have resulted in injury to appellee, and that those events causing appellee's injury were too remotely connected, if connected at all, with

appellant's conduct to support a finding of proximate cause. We observe that danger in some form and the possibility of injury in some manner is always present when children walk home from school. This alone, however, does not charge a public school teacher with the responsibility to foresee the unforeseeable, and thus to become in insurer of a child's safe passage home.

We find, therefore, that the trial court erred in overruling appellant's motion for a directed verdict.

This assignment of error is well-taken.

II

"Improper argument by the plaintiffs' attorney was prejudicial to the defendant and warrants a new trial."

Appellant contends that a portion of appellee's closing argument was improper and prejudicial. We disagree.

In an effort to explain to the jury the law of negligence and foreseeability, appellee drew an analogy between driving through a red light and the alleged negligent conduct of appellant. Appellant takes exception to this argument, noting that legal distinction exists between common-law negligence and negligence *per se*. While such a distinction does indeed exist, it was unlikely that the jury was aware of it. Any impropriety in appellee's argument was therefore not prejudicial to appellant.

This assignment of error is overruled.

For the foregoing reasons, the judgment of the trial court is reversed, and final judgment is hereby entered in favor of appellant.

*Judgment reversed.*

MARKUS and DAHLING, JJ., concur.

DAHLING, J., of the Eleventh Appellate District, sitting by assignment in the Eighth Appellate District.