CORNELL ET AL., APPELLEES, *v.* AQUAMARINE LODGE, APPELLANT.

(No. 3469—Decided October 12, 1983.)

Mr. *Michael F. Becker,* for appellees.
Mr. *Jeffrey M. Embleton* and Mr. *Samuel R. Martillotta,* for appellant.

BAIRD, J. Defendant Aquamarine Lodge appeals from a judgment rendered in favor of plaintiffs Sharon and Thomas Cornell after a jury trial. We reverse.

Aquamarine Lodge is a recreational resort located in Avon Lake, Ohio. It contains, among other things, several tennis courts, a golf course, a jogging track, and racquetball courts. In February 1981, the Cornells arrived at the Aquamarine for a weekend vacation. During the weekend, they played racquetball on two occasions. While playing the second time Mrs. Cornell twisted her foot and fell, breaking her leg. There is evidence that after the incident, the racquetball pro for Aquamarine entered the court and stated that Mrs. Cornell's fall was the result of improper footwear. There is no evidence that the pro was aware of the type of shoes Mrs. Cornell was wearing prior to her fall.

The Cornells filed this action claiming that Aquamarine was negligent in failing to warn Mrs. Cornell that "special tennis shoes were required" for the game of racquetball. The jury found Aquamarine eighty percent negligent and Mrs. Cornell twenty percent negligent. Judgment was then rendered for the Cornells in the sum of $16,800. This appeal followed.

### Assignment of Error I

"Appellant has been irreparably prejudiced by the refusal of the court below to instruct the jury in regard to assumption of the risk by the plaintiff."

Aquamarine's first assignment of error claims the court erred in failing to instruct the jury on the defense of assumption of the risk. We disagree.

In order to warrant an instruction on assumption of the risk, there must be evidence that plaintiff assumed the particular risk allegedly caused by the defendant's negligence. It is not enough to claim, as does Aquamarine, that plaintiff assumed the risks ordinarily incident to the game of racquetball. In order to prevail, Aquamarine must produce evidence that plaintiff assumed the particular risk of playing racquetball with improper footwear. *Cincinnati Base Ball Club Co.* v. *Eno* (1925), 112 Ohio St. 175; Prosser, Law of Torts (4 Ed. 1971) 449, Section 68. In this case, there is no evidence that plaintiff was aware, or should have been aware, of the risks of which she complains. Without such evidence, an instruction on assumption of the risk was not warranted.[1] Therefore, this assignment of error is overruled.

### Assignment of Error II

"The trial court erred in failing to direct a verdict in favor of the defendant-appellant at the close of the plaintiffs-appellees' case."

At the close of the plaintiffs' case, defendant moved for a directed verdict arguing that no standard of due care had been violated. This motion was overruled.

The law in Ohio is that the owner of premises owes a duty to exercise reasonable care to protect his invitees from an unreasonable risk of physical harm. *Jackson* v. *Kings Island* (1979), 58 Ohio St. 2d 357 [12 O.O.3d 321]; and Restatement of the Law 2d, Torts (1965) 118, Section 314A(3). This duty extends only to those risks of which the owner knows or has reason to know. As such, the owner is not required to act until he knows or should know that his invitee is endangered. Restatement of the Law 2d, Torts, *supra,* Comment f, at page 120.

An owner of premises is not an insurer of his invitees' safety. *Jackson* v.

---

[1] As to the status of assumption of the risk as a defense, see *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110.

*Kings Island, supra.* As such, he owes no duty to protect them from all the conceivable dangers they might face while on his premises. His duty arises only when he knows or should know that his invitee is endangered by an unreasonable risk of harm.

The risk complained of in the instant case is that of wearing inappropriate footwear while playing racquetball. This risk is not one due to the condition of defendant's premises. Nor is it a risk inherent in the game of racquetball. Rather it is a risk which arises only when one attempts to play the sport while wearing the wrong type of shoes.

The duty as discussed above applies in this case only upon a showing that defendant knew or should have known Mrs. Cornell was faced with the risk of harm created by the inappropriateness of her shoes. It is not enough that defendant knew playing racquetball with certain types of shoes can be dangerous. It must also be shown defendant knew or had reason to know this danger was facing one of its invitees. As there are hundreds of different types of shoes available to the public, plaintiffs must show defendant knew or had reason to know of the shoes being worn by Mrs. Cornell and that they were of such a nature as to create an unreasonable risk of physical harm to her.

There is no evidence in the record to indicate defendant knew the type of shoes being worn by Mrs. Cornell at the time of her injury. There is further a total lack of evidence to indicate that defendant had reason to know Mrs. Cornell's shoes created an unreasonable risk of physical harm to her. In the absence of such evidence reasonable minds can only conclude that the duty imposed by law has not been breached under these facts. Accordingly, defendant's motion for directed verdict should have been granted.

### Assignment of Error III

"The verdict in favor of the plaintiffs was against the manifest weight of the evidence and should be set aside."

Based on our discussion of the previous assignment of error, this assignment is moot.

The second assignment of error being sustained, the judgment is reversed and final judgment is entered for defendant.

*Judgment reversed.*

QUILLIN, P.J., and HOFSTETTER, J., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.