JEWELL ET AL., APPELLANTS, *v.* CITY OF COLUMBUS, APPELLEE.

(No. 83AP-1146—Decided
August 14, 1984.)

*Charles J. Blum,* for appellants.

*Gregory S. Lashutka,* city attorney, *Patrick M. McGrath* and *Melinda Frank,* for appellee.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County, Ohio.

The trial court held that the complaint does not state a cause of action because there is no duty to plaintiffs, Jeffrey and Clifford Jewell, by defendant, city of Columbus, to investigate an accident, and it does not appear that any failure to do so directly and proximately caused injury to the plaintiffs. Consequently, the case was dismissed. Whereupon, plaintiffs have perfected this appeal, including the following assignments of error:

"(1) That the City of Columbus had no duty to investigate an auto accident in which plaintiffs were involved; and

"(2) That the City's failure to investigate the accident did not directly and proximately injure plaintiffs."

The assignments of error are interrelated and considered together. Plaintiffs alleged in their complaint that the city of Columbus was negligent in failing to maintain or complete a traffic accident report. They alleged that they were injured in an auto accident within the Columbus city limits on April 20, 1983. They contended that because of the absence of an accident report, they were unable to ascertain the identity of the driver who caused their injury in the accident.

The city filed a motion to dismiss on the ground that plaintiffs' complaint failed to state a cause of action. Plaintiffs responded by a memorandum contra. The trial court, as noted above, sustained the motion and dismissed the case.

The affidavit of the investigating officer, attached to the city's motion, reads in part:

"Affiant further states that on April 20, 1983, his district for patrol included the intersection of Watkins and Lockbourne Roads.

"Affiant further states that at approximately 2:16 p.m. on April 20, 1983, he was dispatched by radio to an accident located at the intersection of Watkins and Lockbourne Roads involving two (2) vehicles.

"Affiant further states that he arrived at the accident scene at approximately 2:24 p.m.

"Affiant further states that upon arrival at the accident scene he began to gather information for standard Ohio Accident Report Form OH-4 distributed by the Ohio Department of Highway Safety; an example of such form is attached hereto.

"Affiant further states that he spoke with the alleged drivers of the vehicles involved in such accident at the scene and in follow-up at Mercy Hospital, Columbus, Ohio.

"Affiant further states that he completed the standard Ohio Accident Report form subsequent to 3:30 p.m. or the end of his shift of duty.

"Affiant further states that he placed such completed form in the mail tray at substation 9 for transport to police headquarters.

"Affiant further states that he has no knowledge of the treatment of such form subsequent to his placing it in said tray for transport."

The duty of taking information at the scene of an accident is not for the benefit of those involved in the accident. Such duty is to the Director of Highway Safety for statistical, safety and other studies, with the objective of providing

safer highways. R.C. 5502.01; 5502.11; and 5502.12. Further, there is a statutory duty for individuals involved in auto accidents to stop and provide upon the request of a person injured or damaged or any other person, their name and address. R.C. 4549.02 and 4549.021.

In any event, it is not sufficient for plaintiffs to show that they were injured by the failure of another to perform a duty unless it was for their benefit. It is reiterated that the applicable statutes definitely provide that the benefiting party as to uniform accident reports is the Department of Highway Safety rather than the parties involved in the accident. Therefore, as the accident report is not for the benefit of the injured parties, the law enforcement officer owes no duty and is not liable to the injured parties.

In this case, the officer fulfilled his obligation by taking an accident report and submitting it to police headquarters. Thus, he did not act negligently. There was no duty to plaintiffs breached by the responding officer as none was owed. Since there was no duty owed by the agent of defendant, city of Columbus, it cannot be held liable in a tort action.

Therefore, for the foregoing reasons, plaintiffs' assignments or error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.