THOMPSON ET AL. *v.*
KENT STATE UNIVERSITY.

(No. 84-02671—Decided
July 24, 1987.)

Court of Claims of Ohio.

*Harry W. White,* for plaintiffs.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Mary G. Kirchner,* for defendant.

WILLIAM F. BROWN, J. This action came on to be heard on May 19, 1986, on the issue of *liability only.* Plaintiffs' complaint was filed on March 22, 1984, regarding injuries allegedly suffered in a fall on Kent State University property on November 27, 1983.

The incident happened at approximately 6:30 p.m. on the Kent State University campus when Mr. and Mrs. Thompson were returning to their vehicle, parked in a lot outside Olson Hall. They had walked their daughter to her dormitory room following her Thanksgiving vacation.

Evidence presented indicated that plaintiff Marjorie F. Thompson was walking on the left side of the eight-foot-wide sidewalk when she stepped to her left off the sidewalk and slipped and fell, injuring her shoulder. Testimony presented indicated that Mrs. Thompson stepped off the sidewalk voluntarily to avoid people approaching from the opposite direction. The area adjacent to the sidewalk where she fell had been heavily traveled by students who had worn away the grass, creating a dirt path. There was no evidence of any obstruction between the sidewalk and the worn area where Mrs. Thompson fell. The testimony was that it was light at the time of the accident and that it had been raining during the day. In addition, the testimony brought out that the area was no different than it had been when Mr. and Mrs. Thompson had traversed that way on earlier occasions and that there had been no complaints or accidents in the area reported to the university prior to this incident.

The plaintiffs alleged that the defendant breached a duty of care to provide a safe place of travel and that the sidewalk and adjacent area constituted a nuisance. For the plaintiffs to prevail, it must be proven by a preponderance of the evidence that: (1) the sidewalk and surrounding area were in an unsafe condition and (2) the defendant had notice of such condition. When an allegation of negligence is based upon the existence of a hazard or defect, the legal principle prevails that notice, either actual or constructive, of such hazard or defect is a prerequisite element in perfecting the claim that defendant had failed to comply with its requirement to exercise reasonable care. *Heckert* v. *Patrick* (1984), 15 Ohio St. 3d 402, 15 OBR 516, 473 N.E. 2d 1204.

The court is required to determine from the evidence presented whether Mrs. Thompson was a licensee or an invitee. An invitee is owed a higher duty of care than a licensee; an invitee is

owed a duty of reasonable care, while a licensee is owed a duty not to be injured by willful or wanton misconduct. *Bowins* v. *Euclid General Hosp. Assn.* (1984), 20 Ohio App. 3d 29, 20 OBR 31, 484 N.E. 2d 203. A licensee includes one whose presence upon land is solely for his or her own purposes, in which the owner or one in possession of the land has no interest, and to whom the privilege of entering is extended as a mere personal accommodation to the individual, whether by express or tacit consent or as matter of general or local custom. *Garrad* v. *McComas* (1982), 5 Ohio App. 3d 179, 5 OBR 363, 450 N.E. 2d 730. The owner or occupier of land is not an insurer of the safety of patrons whom he invites on the land, but rather owes them the duty to exercise ordinary care consistent with purposes of the invitation, and to maintain the land in a reasonably safe condition for the protection of the invitees. *Wiley* v. *National Garages, Inc.* (1984), 22 Ohio App. 3d 57, 22 OBR 153, 488 N.E. 2d 915.

From the evidence presented in the case at bar, the court finds that plaintiffs come within the legal description prescribed by Ohio law as licensees and therefore are owed a duty not to be injured on Kent State University property by willful or wanton misconduct. Even if plaintiffs could be classified as business invitees, Kent State University would have the duty only to exercise reasonable care in making the premises safe for their use, including the responsibility for due care in providing reasonably safe means of ingress and egress. As the owner of the premises, Kent State University owes no duty to protect invitees from all conceivable dangers that they might face while on the premises; its duty arises only when it knows or should know that its invitee is endangered by an unreasonable risk of harm. *Cornell* v. *Aquamarine Lodge* (1983), 12 Ohio App. 3d 148, 12 OBR 471, 467 N.E. 2d 896.

From evaluation of the evidence presented and relevant case law, this court finds that plaintiffs have not met the burden of proving that the sidewalk and surroundings were in an unsafe condition or that the university was on notice of any unsafe condition in the area. Further, where an invitee voluntarily exposes himself to a hazard, the owner or occupier will not be an insurer of his safety since an invitee is required to exercise some degree of care for his own safety. *Bowins* v. *Euclid General Hosp. Assn., supra.*

For Kent State University to be held negligent there must exist a duty owed to plaintiffs, a breach of that duty and proximate causation. *Person* v. *Gum* (1983), 7 Ohio App. 3d 307, 7 OBR 390, 455 N.E. 2d 713. Facts presented in this case indicate that plaintiffs were provided with a reasonably safe passageway by means of an eight-foot-wide sidewalk that was in good repair; when Mrs. Thompson purposely stepped from the walk, she voluntarily assumed the risk of potential damages from the hazard, if any, caused by rain water on bare ground.

Therefore, this court holds the defendant is not liable for the injuries suffered by Marjorie F. Thompson in her fall on November 27, 1983, while visiting the university.

*Judgment for defendant.*

WILLIAM F. BROWN, J., retired, of the Coshocton County Court of Common Pleas, sitting by assignment.