ABRAMS, Appellant,

v.

DOE; Cunningham et al., Appellees.

[Cite as *Abrams v. Doe* (1989), 65 Ohio App.3d 58.]

Court of Appeals of Ohio,
Lake County.

No. 13–120.

Decided Oct. 16, 1989.

*Gary D. Zeid*, for appellant.

*Steven C. LaTourette*, Prosecuting Attorney, and *Ariana Tarighati*, Assistant Prosecuting Attorney, for appellees.

EDWARD J. MAHONEY, Judge.

Appellant, Milton Abrams, appeals from the trial court's decision granting the summary judgment motion of the appellees, Lake County Sheriff Edward Cunningham and Deputies Barbara Kato and Denny Davidson.

On October 2, 1985, Abrams was injured when he was thrown from his Ford Bronco as it overturned. Shortly after this crash, an unknown woman arrived at the Lake County Sheriff's Department and informed the deputy on duty, Barbara Kato, and dispatcher, Denny Davidson, about the incident.

The unknown woman voiced concerns that she may have caused the mishap. These concerns were later bolstered by the statements taken at the scene from eyewitnesses.

Neither Deputy Kato nor Dispatcher Davidson took the name or address of the unknown woman. Instead, they advised her to report the accident to the Mentor Police Department, which had jurisdiction over the scene. The unknown woman assured Kato and Davidson she would go to the Mentor Police Department. She departed but never went to the Mentor Police.

Abrams initiated this action against the Lake County Board of Commissioners, the Lake County Engineer, the city of Mentor, the Lake County Sheriff and two deputies, Kato and Davidson. The first three parties settled with Abrams and this aspect of the case was dismissed with prejudice. As to the sheriff and the two deputies, the complaint alleged that R.C. 4549.02 imposed a duty on the authorities to obtain the name of the unknown woman and that breach of this duty proximately caused Abrams damages because Abrams was denied the opportunity to prosecute his claims against the unknown woman.

The defendants-appellees moved for summary judgment. Abrams also moved for summary judgment. On granting the appellees' motion for summary judgment, the trial court found that the appellees did not owe Abrams the duty to obtain the woman's name, nor does R.C. 4549.02 impose such a duty. The trial court relied on *Jewell v. Columbus* (1984), 20 Ohio App.3d 168, 20 OBR 204, 485 N.E.2d 266, wherein the trial court found that accident reports prepared pursuant to R.C. 5502.02, 5502.11 and 5502.12 are for the benefit of the Department of Highway Safety and not for the parties involved.

From the trial court's decision, Abrams assigns one error:

"The trial court erred to the prejudice of plaintiffs-appellants in overruling their motion for summary judgment and in granting defendants-appellees' motion for summary judgment."

Abrams contends that summary judgment was improper because an issue remains unresolved as to whether the deputies had a duty to take the identifying information of the unknown woman.

In *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274, our Supreme Court set out a three-part test for the granting of summary judgment:

"Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

Applying this test to the case before us, we look first to R.C. 4549.02, which reads, in part, as follows:

"In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person so driving or operating such motor vehicle, having knowledge of such accident or collision, shall immediately stop his motor vehicle at the scene of the accident or collision and shall remain at the scene of such accident or collision until he has given his name and address and, if he is not the owner, the name and address of the owner of such motor vehicle, together with the registered number of such motor vehicle, to any person injured in such accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in such accident or collision, or to any police officer at the scene of such accident or collision.

"In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in such accident or collision shall forthwith notify the nearest police authority concerning the location of the accident or collision, and his name, address, and the registered number of the motor vehicle he was operating, and then remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance."

We need not, as appellees urge, look to *Jewell v. Columbus, supra,* but rather rely on the clear plain language of the statute. The statute imposes a duty upon the individual involved in an accident to report certain basic identifying information. Failure to do so is a crime.

To find the duty as urged by the appellant, we must first find the existence of a special relationship between the deputies and Abrams. *Epling v. Cardarelli* (1983), 13 Ohio App.3d 142, 13 OBR 142, 468 N.E.2d 335. We cannot find this a special relationship and, thus, we find no duty. As a matter of law, summary judgment is appropriate.

Accordingly, we overrule Abrams' sole assignment of error and affirm the decision of the trial court.

*Judgment affirmed.*

O'NEILL, P.J., and BASINGER, J., concur.

JOSEPH E. O'NEILL, J., of the Seventh Appellate District, sitting by assignment.

RANDALL L. BASINGER, J., of the Putnam County Court of Common Pleas, sitting by assignment.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.