**PEROTTI**

v.

**OHIO DEPARTMENT OF REHABILITATION AND CORRECTION.**

Court of Claims of Ohio.

No. 96–01593.

Decided June 20, 1997.

*Kevin T. Toohig,* for plaintiff.

*Betty D. Montgomery,* Attorney General, and *John P. Reichley,* Assistant Attorney General, for defendant.

---

J. WARREN BETTIS, Judge.

In her complaint, plaintiff, Roseann Perotti, alleges that defendant, Ohio Department of Rehabilitation and Correction, was negligent in failing to maintain a concrete patio and thereby causing her to trip and fall, resulting in bodily injury to her.

On April 7, 1997, this action came before the court for trial. The findings and conclusions herein are derived from the documents and pleadings in the case file, evidence at trial, and the respective presentations by counsel.

On June 10, 1994, Perotti was visiting her son, Jerome Garrett, at the Grafton Correctional Institution. During the visit, Perotti, accompanied by Garrett and Marcella Seronnovich, went to an adjacent outdoor patio where visitors and inmates could smoke. After visiting on the outdoor patio, Perotti, Garrett, and Seronnovich began to re-enter the indoor visiting area. Before entering the doorway of the building, Perotti noticed that she had mistakenly left her pack of cigarettes lying on a bench. While walking to retrieve her cigarettes, Perotti tripped and fell. Plaintiff testified that after she fell, she observed that a concrete patio slab was slightly deteriorated and was lower in elevation than the adjoining slab. Plaintiff believed the condition of the slab caused her fall. Plaintiff further testified that she was looking in front of her as she was walking and that she had not been distracted. More specifically, plaintiff testified that she was not looking at her feet at the time of her fall.

Plaintiff's complaint is construed to set forth a single cognizable action, which is one sounding in negligence. In order to prevail upon her claim of negligence, she must prove by a preponderance of the evidence that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467.

Since plaintiff was visiting her son at the correctional institution, she had the legal status of an invitee. *Blair v. Ohio Dept. of Rehab. & Corr.* (1989), 61 Ohio Misc.2d 649, 582 N.E.2d 673. Therefore, defendant owed to plaintiff the common-law duty of reasonable care. *Barker v. Ohio Dept. of Rehab. & Corr.* (1989), 61 Ohio Misc.2d 386, 579 N.E.2d 545. Reasonable care is that which would be used by an ordinary prudent person under similar circumstances. *Smith v. United Properties, Inc.* (1965), 2 Ohio St.2d 310, 31 O.O.2d 573, 209 N.E.2d 142.

4

■ In order to recover from the occupier of premises for personal injuries claimed to have been caused by the condition of those premises, an invitee must allege and prove that the fall was proximately caused by some unreasonably dangerous condition on the premises. *Baldauf v. Kent State Univ.* (1988), 49 Ohio App.3d 46, 550 N.E.2d 517. Governmental and private landowners are not liable for insubstantial, minor defects in sidewalks or patio slabs. If the difference in elevation between two sidewalk slabs is two inches or less, there is a rebuttable presumption that the defect is insubstantial. *Amos v. Cleveland* (1959), 169 Ohio St. 367, 8 O.O.2d 405, 159 N.E.2d 895; *Gallagher v. Toledo* (1959), 168 Ohio St. 508, 7 O.O.2d 364, 156 N.E.2d 466; *Kimball v. Cincinnati* (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708; *Helms v. Am. Legion, Inc.* (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734. In the present case, plaintiff failed to prove by a preponderance of the evidence that the difference in elevation between the two slabs was greater than two inches. In fact, plaintiff failed to reveal to the court the exact measurement of the deviation.

■ The presumption that a defect is insubstantial may be rebutted by showing attendant circumstances sufficient to render the defect substantial. *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 20 O.O.3d 300, 421 N.E.2d 1275; *McLaughlin v. Ohio Veterans' Children's Home* (1987), 37 Ohio App.3d 136, 524 N.E.2d 521. Plaintiff has failed to prove by a preponderance of the evidence that such attendant circumstances existed. Testimony revealed that the patio area was dry, being free from water, ice and snow. Additionally, there was no testimony with regard to any apparent distractions. Thus, plaintiff has failed to rebut the presumption that the defect was insubstantial since no evidence was offered to prove the contrary. Therefore, the court finds that defendant did not breach its duty of ordinary care to plaintiff since the patio defect was insubstantial.

■ Assuming that defendant was negligent, plaintiff still would not prevail. Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiff from recovery if her actions were a greater cause (more than fifty percent) of her injuries than any acts of defendant. The court finds that any alleged breach by defendant was less of a causative factor than was plaintiff's own negligence.

■ Where an invitee voluntarily exposes herself to a hazard, the owner or occupier of the premises will not be the insurer of her safety, since an invitee is required to exercise some degree of care for her own safety. *Thompson v. Kent State Univ.* (1987), 36 Ohio Misc.2d 16, 521 N.E.2d 526. There is no duty to warn an invitee if a danger is so open and obvious that the invitee may reasonably be expected to discover it and protect himself against it. *Parsons v. Lawson Co.* (1989), 57 Ohio App.3d 49, 566 N.E.2d 698.

■ Additionally, there is no liability when a visitor's inattentiveness to the surrounding circumstances and failure to protect herself from an obvious danger proximately caused her accident. *Doelker v. Ohio State Univ.* (1990), 61 Ohio Misc.2d 69, 573 N.E.2d 809.

The court finds that plaintiff failed to observe an open and obvious danger. Testimony revealed that the deteriorating concrete was clearly visible and noticeable. Therefore, since the defect in the concrete was open and obvious, plaintiff had the duty to exercise reasonable care. Plaintiff testified that she was looking in the direction of the bench rather than looking where her feet were stepping.

The court finds that plaintiff failed to exercise care for her own safety, and is therefore more than fifty percent negligent. Thus, pursuant to Ohio's comparative negligence statute, R.C. 2315.19, plaintiff cannot recover in this action, assuming defendant was found negligent.

The court concludes that plaintiff has failed to prove that defendant breached any duty that it owed her. Accordingly, judgment is rendered in favor of defendant.

*Judgment for defendant.*