[Cite as *Drummond v. Univ. of Akron*, 2010-Ohio-1947.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CATHY DRUMMOND

     Plaintiff

     v.

THE UNIVERSITY OF AKRON

     Defendant

     Case No. 2008-10901-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Cathy Drummond, filed this action against defendant, University of Akron (Akron), alleging she suffered personal injury as a proximate cause of negligence on the part of Akron in maintaining a chair at the E. J. Thomas Hall on defendant's campus. Plaintiff recalled she was injured at approximately 9:30 p.m. on June 3, 2008 while attending her son's high school graduation ceremony held in defendant's E. J. Thomas Hall. Plaintiff described her injury incident relating the chair she took at defendant's building "suddenly broke" and she fell "hard on the concrete floor." Plaintiff further related that "[m]inutes after being helped up, I had horrible back pain and spasms." Apparently, the injury incident was reported to Akron staff working at E. J. Thomas Hall and an Akron Police Department officer who was dispatched to the scene where a cursory investigation was conducted. Plaintiff noted her husband drove her to the Akron City Hospital where she sought medical treatment for her physical complaints resulting from the collapsing chair occurrence. Plaintiff explained she remained in the hospital until 4:00 a.m. on June 4, 2008 when she was discharged after being treated for a lower back contusion and sprain. Prescribed medications for this

injury included muscle relaxants and strong narcotic pain pills. Plaintiff reported she experience "bad pain and spasms for three months" after the June 3, 2008 incident. During this three month period, plaintiff maintained she was unable to clean house, wash clothes, shop, and do other daily shores as well as being unable to care for her parents. According to plaintiff, she was subsequently informed by defendant's Special Projects/House Manager, Melissa Paul, that the chairs in E. J. Thomas Hall were old, but remained in constant use and there were frequent episodes where chairs broke. Plaintiff pointed out "my chair was not the only chair that broke on June 3, 2008." Plaintiff contended her back injury was proximately caused by negligence on the part of defendant in maintaining the chairs at E. J. Thomas Hall and she consequently filed this complaint seeking damages in the amount of $2,500.00 for her out-of-pocket medical expenses incurred as well as pain, suffering, and being incapacitated for the entire summer of 2008. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} With her complaint, plaintiff submitted three written statements from three witnesses to the collapsing chair occurrence; her husband Dennis B. Drummond, David Bennett, and Juanita M. Bennett. Dennis B. Drummond described the injury incident recording, "[m]y wife's chair suddenly broke, she slammed down on the concrete floor." Furthermore, Dennis B. Drummond related he observed plaintiff's suffering for a period of three months after the June 3, 2008 injury. David Bennett wrote, "I witnessed Cathy Drummond fall through the chair when it broke on her." Also, Juanita M. Bennett noted, "I witnessed Cathy Drummond fall through the chair when it broke on her." Juanita M. Bennett related she and plaintiff's husband helped plaintiff to her feet after the chair collapsed.

{¶ 3} Defendant acknowledged plaintiff was considered a business invitee when she entered the E. J. Thomas Performing Arts Hall (PAH) to attend her son's graduation and therefore, Akron owed her a duty of care to maintain the PAH in a reasonably safe condition and to not expose invitees to hidden hazardous conditions. See *Paschal v. Rite Aid Pharmacy, Inc.* (1985), 18 Ohio St. 3d 203, 18 OBR 267, 480 N.E. 2d 474. However, defendant has contended plaintiff failed to offer evidence to establish Akron breached any duty of care owed to her in regard to the condition of the premises at the PAH. Additionally, defendant contended plaintiff failed to produce proof that any Akron

personnel had "actual or constructive notice that the theatre seat in question was defective or unreasonably dangerous." Defendant explained Akron "has a regular inspection and maintenance procedure in place for its theatre seats" in the PAH. Defendant specifically denied having any recall of a prior incident where a seat in the PAH "totally collapsed as this one did on June 3, 2008." Defendant pointed out "[w]here negligence revolves around the existence of a hazard or defect, a duty of reasonable care does not arise unless the defendant has notice, either actual or constructive, of such a hazard or defect." See *Heckert v. Patrick* (1985), 15 Ohio St. 3d 402, 405, 15 OBR 516, 473 N.E. 2d 1204. Defendant argued plaintiff has failed to prove her injury was caused by any negligent act or omission on the part of Akron personnel or that the chair that collapsed at the PAH constituted a defective condition at the time of her injury.

{¶ 4} Defendant provided a description of the seats at the PAH theater (2,955 total) and photographs of the particular seat that collapsed (end seat #1 of Row N orchestra seating) injuring plaintiff. Defendant wrote: "[t]he seats are traditional sturdy theatre style seats that have a flip down bucket seat that returns to an upright position when there is no weight on them. They are bolted on to upright stanchions on either side of the seat. Arm rests are bolted on both sides of each seat." Submitted photographs confirm defendant's description. The photographs depict a cloth cushioned seat attached to a firm metal base which is bolted on each side to upright stanchions. It appears from an examination of the photographs that any particular seat base rests perhaps six inches off the floor of the PAH theater when put in the seating position. The theater seats depicted including seat #1 Row N appear to be in good condition and do not appear to be in disrepair.

{¶ 5} Defendant submitted an affidavit from Patricia Donovan, Technical Services Manager at the PAH in reference to the inspection and maintenance schedule for seats in the PAH theater. Donovan stated "seats are individually and thoroughly inspected by technical service associates, including physically sitting in each seat, wiggling around in each seat and checking for loose bolts, etc. under each set." Donovan did not mention the frequency of the type of inspection referenced, but she did report less comprehensive seat inspections are conducted on a quarterly basis "whereby the chairs in the theatre are inspected and adjusted or repaired as necessary." Furthermore, Donovan advised Akron personnel conduct visual inspections

of the seats "periodically by walking through the auditorium after performances or events." According to Donovan, the seats in the PAH theater are adjusted or repaired when any malfunction is discovered either upon inspection or by a report from a patron. Donovan related "[a]pproximately 350,000 to 400,000 patrons visit the PAH per year," and she estimated there have been problems with loose bolts on theater seats occurring on perhaps six occasions. Donovan further related, "in the past five years that I have been employed, the only incident of when a seat completely failed and collapsed was the incident involving the [p]laintiff on June 3, 2008."

{¶ 6} Defendant submitted an additional affidavit from Melissa Paul, House Manager/Special Projects at the PAH regarding her knowledge of the June 3, 2008 incident. Paul recorded "[p]laintiff, Mrs. Cathy Drummond, informed me at the PAH's Information Center that her seat gave way and she wanted to file a [c]omplaint." In response to plaintiff's request, Paul reported, "I informed Mrs. Drummond that we did not have any complaint forms, but that we would call The University of Akron's Police Department (UAPD) who could file an Accident report on Mrs. Drummond's behalf documenting any injuries she may have and seek EMS assistance for her, if necessary." According to Paul, when UAPD Officer Cpl. Stachowiak arrived at the PAH and offered to fill out an accident report, plaintiff declined. Paul denied telling plaintiff that chairs were constantly breaking in the PAH theater. However, Paul acknowledged "I did tell Mrs. Drummond that the seats in the PAH have broken in the past due to heavy usage, but this happens rarely." Also Paul stated, "[t]o the best of my knowledge, the only theatre seat that broke on June 3, 2008 was the one in which Mrs. Drummond was seated."

{¶ 7} Defendant observed the UAPD call log compiled in connection with the June 3, 2008 incident "indicates that the [p]laintiff is overweight." Defendant stated "[i]t is highly likely that [p]laintiff's weight contributed to the seat's collapse." Essentially, defendant argued the cause of the theater seat's failure was not attributable to any negligent act or omission in regard to maintenance and plaintiff has failed to prove the seat was structurally unsafe for normal and intended use.

{¶ 8} Plaintiff filed a response explaining Melissa Paul was not physically present at the information counter at the PAH when she asked to file an accident report after her injury incident. Plaintiff recalled she was told Melissa Paul was in charge and

she was given Melissa Paul's "card so I could call to see if she had an accident report I could fill out." Plaintiff denied ever meeting Melissa Paul in person but acknowledged she contacted her by telephone from her home on June 3, 2008 after leaving the PAH. Plaintiff related that she informed Melissa Paul about the seat collapsing incident, repeated her request for an accident report, and related her need for medical attention due to the pain she was suffering. Plaintiff asserted Melissa Paul "told me that the seats were old, in constant use, and that they were constantly breaking." Additionally, plaintiff asserted Melissa Paul "also said that my seat was not the only seat that broke at the graduation." Plaintiff noted she was assured by Melissa Paul that an accident report would be compiled by the UAPD. Plaintiff specifically denied defendant's allegation that UAPD Officer Stachowiak offered to "make a report" at the scene. Plaintiff contended "[n]othing referring to Melissa Paul's statements are true."

{¶ 9} Plaintiff disputed the allegation that her weight contributed to the seat collapsing. Plaintiff stated "[t]here was no sign posted on the building, my seat or my ticket saying that the seat had a weight limit." Plaintiff disputed defendant's assertion that the bolts on the theater seats are properly maintained by being checked and tightened if found to be loose upon inspection. Plaintiff countered that proper seat bolt maintenance should consist of the following procedure: "[i]nstead of tightening the old, over used bolts that are being (pivoted) on over 400,000[1] times a year, all of the bolts in the seats should have been replaced regularly." Plaintiff contended defendant was negligent "[b]y not replacing all of the bolts on the seats regularly after being used (approximately) 400,000 times a year and by not posting a weight limit on the seats." Plaintiff observed "[b]oth bolts broke" on the seat she sat in that collapsed. Plaintiff reasserted she suffered "pain, back spasms and loss of mobility for 3 months" after the seat collapsing incident. Plaintiff argued she has offered sufficient evidence to prove her injury was caused by defendant's negligence and she is therefore entitled to the damages claimed, $2,500.00.

{¶ 10} In order to establish a claim for negligence, plaintiff must prove that: 1) defendant owed her a duty; 2) defendant breached that duty; and 3) the breach was the proximate cause of plaintiff's injuries. *Mussivand v. David* (1989), 45 Ohio St. 3d 314,

---

[1] It should be noted that no evidence has been offered to establish each seat at the PAH theater is used 400,00 times a year.

318, 544 N.E. 2d 265.  The absence of any one of these elements renders a plaintiff's claim of negligence invalid.  *Jeffers v. Olexo* (1989), 43 Ohio St. 3d 140, 142, 539 N.E. 2d 614.

{¶ 11} In the instant claim, plaintiff as an invitee on defendant's premises was owed a duty by Akron to exercise  ordinary and reasonable care, which includes keeping the premises in a reasonably safe condition and warning the plaintiff invitee of latent or concealed defects of which of which the defendant landowner has or should have knowledge.  *Scheibel v. Lipton* (1985), 156 Ohio St. 308, 46 O.O. 177, 102 N.E. 2d 453; see also *Light v. Ohio University* (1986), 28 Ohio St. 3d 66, at 68, 28 OBR 165, 502 N.E. 2d 611.  An owner of a premises, however owes no duty to protect invitees from all conceivable dangers they might face, while on the premises, because the owner is not an insurer of the safety of its invitees.  *Cornell v. Aquamarine Lodge* (1983), 12 Ohio App. 3d 148, 150, 12 OBR 471, 467 N.E. 2d 896.  Instead an owner's liability "to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." *Debie v. Cochran Pharmacy Berwick, Inc.* (1967), 11 Ohio St. 2d 38, 40, 40 O.O. 2d 52, 227 N.E. 2d 603*.*

{¶ 12} When it is shown that the owner had superior knowledge of the particular danger which caused the injury, liability attaches under such circumstances, due to the fact invitees may not reasonably be expected to protect themselves from a risk they cannot fully appreciate.  *Mikula v. Salvin Tailors* (1970), 24 Ohio St. 2d 48, 53 O.O. 2d 40, 263 N.E. 2d 316; *LaCourse v. Fleitz* (1986), 28 Ohio St. 3d 209, 28 OBR 294, 503 N.E. 2d 159.  Additionally, where negligence revolves around the question of a hazard or defect, notice, either actual or constructive of such hazard or defect it a prerequisite to establishing a breach of the duty of reasonable care.  *Heckert.*

{¶ 13} Defendant, in the instant claim, has asserted the seats in the PAH are periodically inspected with some inspections being more extensively or thoroughly conducted than others.  Defendant observed a cursory inspection of the seats is conducted after performances or events at the PAH.  Defendant, as a matter of law, was required to inspect the seats at the PAH to discover possible dangerous conditions, taking reasonable precautions to protect invitees from such dangers.  *Perry v.*

*Eastgreen Realty Co.* (1978), 53 Ohio St. 2d 51, 7 O.O. 3d 130, 372 N.E. 2d 335. Furthermore, defendant may be charged with constructive notice of any latent defects that would have been revealed by a reasonable inspection of the premises. See *Shetina v. Ohio University* (1983), 9 Ohio App. 3d 240, 9 OBR 414, 459 N.E. 2d 587. The evidence in the instant claim tends to establish defendant conducted reasonable inspections of the seats in the PAH and consequently, did not breach any duty of care owed to plaintiff in regard to inspection for latent defects. Also, plaintiff has not produced sufficient evidence to prove her injury was proximately caused by a defective condition, i.e. the metal bolts supporting the seat. Plaintiff has failed to prove her injuries were caused by any defect that would have been discovered through the exercise of ordinary care and consequently, her claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CATHY DRUMMOND

     Plaintiff

     v.

THE UNIVERSITY OF AKRON

     Defendant

     Case No. 2008-10901-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Cathy Drummond                          M. Celeste Cook
1816 Goodyear Blvd.                      Associate Vice President and
Akron, Ohio  44305                       University General Counsel
                                         302 Buchtel Mall
                                         Akron, Ohio  44325-4706

RDK/laa
Filed 1/7/10
Sent to S.C. reporter 4/30/10