[Cite as *Anthony v. Cleveland State Univ.*, 2012-Ohio-3244.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID H. ANTHONY

      Plaintiff

      v.

CLEVELAND STATE UNIVERSITY

      Defendant

      Case No. 2012-01741-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, David Anthony, filed a complaint against defendant, Cleveland State University (CSU), alleging he suffered personal injury when he slipped and fell on a wet floor at the Music Building on defendant's premises. Plaintiff related he "[s]lipped & fell in hallway when exiting music program." According to plaintiff, he immediately experienced excruciating pain and was disoriented. He further recalled that his wife asked someone to clean up the water that had been spilled on the floor. A security officer subsequently arrived on the scene and plaintiff was transported via ambulance to the hospital.

{¶2} Plaintiff indicated he suffered injury to his left hamstring and filed this complaint seeking damages in the amount of $1,910.00 for medical co-pays, deductibles, and lost wages both as a basketball referee and for duties he was responsible for at Chambers Funeral Home. Plaintiff acknowledged he carries medical insurance but related he was responsible for emergency room and office visit co-pays. The filing fee was paid.

{¶3}   Plaintiff submitted various medical records documenting his injury and rehabilitation efforts, as well as photographs of the bruising he sustained after the fall.

{¶4}   Defendant denied liability in this matter based on the contention that plaintiff failed to offer sufficient evidence to establish his slip and fall injury was proximately caused by willful, wanton, or reckless conduct on the part of CSU personnel.  Defendant explained that the concert plaintiff attended was held in the Drinko Recital Hall in defendant's Music Building and that the concert was free and open to the public.  Defendant suggested plaintiff's status as an attendee of the concert classifies him as a "licensee for premises liability analyses."  Thus defendant owed plaintiff no duty other than to "refrain from willful, wanton, or reckless conduct which is likely to injure him."

{¶5}   Even assuming plaintiff qualified as an invitee, defendant's duty to plaintiff required CSU to keep the premises in a reasonably safe condition for normal use and to notify plaintiff of any hidden defects of which defendant had knowledge.  Defendant contended "plaintiff has failed to show that the University had knowledge of the water" prior to plaintiff's fall.  Defendant submitted ample evidence to show that its employees regularly make rounds of the building and that the hallway was clean and well-lit. Defendant denies having any notice of water being on the floor prior to plaintiff's incident.  In addition, defendant notes that, based on a statement submitted by plaintiff's wife, the presence of the water on the floor was an open and obvious condition.  Finally, defendant surmised that the amount of water was minimal in that another attendee was able to wipe up the spill without the assistance of defendant's janitorial staff.  Defendant essentially asserted plaintiff failed to prove his injury was the result of defendant

breaching any duty of care owed to him.

{¶6}    Plaintiff filed a response stating that he never saw the water before he fell but that he estimated the amount to be "at least a cup (8 ounces) of water on the floor." Plaintiff also noted that photographs submitted by defendant point out that the presence of water could be difficult to detect due to the level of lighting shown, and that vending machines are in the area as well.

{¶7}    The trier of fact is required to determine from the evidence presented whether plaintiff qualifies as a licensee or an invitee.  "The distinction between an invitee and a licensee is dependent on whether the guest enters the land for personal benefit or for the benefit of the owner.  A guest who enters an owner's premises, with permission or acquiescence, for personal benefit, is a licensee. *Light v. Ohio University* (1986), 28 Ohio St. 3d 66, 68, 502 N.E.2d 611.  A guest who enters an owner's premises, with permission, for some purpose that is beneficial to the owner, is an invitee. Id.  An owner has a duty to exercise ordinary care to protect an invitee. Id.  In contrast, an owner merely owes a licensee a duty to refrain from wantonly or willfully causing injury. Id."  *Heffern v. Univ. of Cincinnati Hosp.* (2001), 142 Ohio App. 3d 44, 52.

{¶8}    Upon review, the trier of fact finds that plaintiff is a licensee and that CSU owed him the duty to refrain from willful or wanton misconduct.  There is no evidence that CSU acted in such way or that plaintiff's injury was the result of willful or wanton misconduct.

{¶9}    Even if plaintiff were classified as a business invitee, defendant would have the duty only to exercise reasonable care in making the premises safe for his intended use.  "As the owner of the premises, [CSU] owes no duty to protect invitees from all conceivable dangers that they might face while on the premises; its duty arises only when it knows or should know that its invitee is endangered by an unreasonable risk of harm.  *Cornell v. Aquamarine Lodge* (1983), 12 Ohio App. 3d 148, 12 OBR 471, 467 N.E. 2d 896."  *Thompson v. Kent State University* (1987), 36 Ohio Misc. 2d 16, 16-

{¶10} Plaintiff failed to show that defendant was responsible for the water being present on the floor, that defendant had prior notice of the water and failed to remove it, or that the water had been present on the floor for such time that defendant could be charged with a want of ordinary care. See *Dodson v. Ohio State Univ. Med. Ctr.* (2002), 121 Ohio Misc. 2d 87, 90-91. For the foregoing reasons, the trier of fact finds that CSU did not breach any duty of care owed to plaintiff, and accordingly, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DAVID H. ANTHONY

    Plaintiff

    v.

CLEVELAND STATE UNIVERSITY

    Defendant

    Case No. 2012-01741-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

David H. Anthony
28556 Stonegate Circle
Westlake, Ohio 44145

Sonali B. Wilson, General Counsel
Cleveland State University
2121 Euclid Avenue
Administration Center, Suite 327
Cleveland, Ohio 44115-2214

011
Filed 6/5/12
sent to S.C. Reporter 7/18/12