JOHN PRENDERGAST, BY NEXT FRIEND, ET AL., PLAIN-TIFFS-RESPONDENTS, v. CHARLES JACOBS, DEFEND-ANT-APPELLANT, AND SIDNEY L. JACOBS AND FRED-ERICK GIESENHAUS, DEFENDANTS.

Submitted February 17, 1933—Decided April 27, 1933.

For the appellant, *Saul Mendelson*.

For the respondents (no brief submitted).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court in a cause tried at the Hudson Circuit. The action was to recover damages for personal injuries to the infant plaintiff, John Prendergast, and the loss and expenses resulting therefrom to his father, the other plaintiff.

The injuries received by the boy resulted from the alleged negligent operation of an automobile on a public highway in Jersey City.

The vehicle was owned by the defendant Sidney L. Jacobs but appears to have been loaned, or put to the use of, his father, Charles Jacobs, another of the defendants and the appellant here, and at the time of the happening was being operated by the chauffeur of the appellant, and occupied by the appellant who was sitting in the front seat, alongside of the chauffeur, and further occupied by the defendant Sidney L. Jacobs, who was occupying the rear seat with a young boy, his nephew.

As a result of the trial of the cause the jury found in favor of the plaintiffs and against the defendant Charles Jacobs and against the plaintiffs and in favor of the defendant Sidney L. Jacobs, the owner of the car, and in favor of the defendant Frederick Giesenhaus, the driver and servant of the defendant Charles Jacobs, for no cause of action.

There is no fact or proof of any character in the case warranting a verdict and judgment against the appellant except upon the principle of *respondeat superior*. The sole negligence was that of the defendant Giesenhaus, the driver of the car, and the servant of the appellants.

Unquestionably the judgment is legally without support and must be reversed.

*Vaniewsky* v. *Demarest Brothers Co.*, 106 *N. J. L.* 34; *Hummers* v. *Public Service Electric and Gas Co.*, 8 *N. J. Mis. R.* 689; *affirmed*, 108 *N. J. L.* 196. The situation in those two cases and in that before us being readily distinguishable from that in *Dunbaden* v. *Castles Ice Cream Co.*, 103 *Id.* 427.

The judgment under review is therefore reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Trenchard, Parker, Lloyd, Case, Bodine, Donges, Heher, Van Buskirk, Kays, Hetfield, Dear, Wells, Dill, JJ. 15.