64

Hanna, Appellant, v. Wagner, Appellee.

[Cite as Hanna v. Wagner (1974), 39 Ohio St. 2d 64.]

(No. 73-684—Decided July 3, 1974.)

*Messrs. Weaner, Hutchinson, Zimmerman & Bacon* and *Mr. John E. Zimmerman,* for appellant.

*Messrs. Ryan & Borland* and *Mr. James S. Borland,* for appellee.

*Per Curiam.* Appellant and appellee argue the applicability of Civ. R. 50 and 59. We fail to see any relevancy of those rules under the present posture of this case. See Civ. R. 1(C)(1).

We are of the opinion that the resolution of the matter before this court lies in App. R. 12, which has no counterpart rule in the Federal Rules of Appellate Procedure. Appellee in support of the position taken by the Court of Appeals cites App. R. 12(A). Although this rule has application in many situations, it has none here since the appeal taken was from the order of the trial court overruling the motion for a new trial. We find the appropriate paragraph under App. R. 12 to be (D), which reads as follows:

"In all other cases where the Court of Appeals finds error prejudicial to the appellant, the judgment or final

order of the trial court shall be reversed and the cause remanded to the trial court for further proceedings.''

This rule covers ''all other cases,'' *i. e.*, cases other than those covered in App. R. 12(B). ''All other cases'' also includes reversals based upon the manifest weight of the evidence when the *jury* was the trier of the facts, as here. App R. 12(D) makes no provision for the exercise of weighing the evidence and rendering a judgment or final order, as permitted by App. R. 12(C) where the *court* is the trier of the facts.

Koykka, Ohio Appellate Process 39, Section 4-19(b), deftly phrases appellate procedure in a jury case, as follows:

''In a jury case the Court of Appeals:
''* * *

''(b) May not enter final judgment on the weight of the evidence but must remand the cause for a new trial.''

It is obvious that to do otherwise would be the denial of the fundamental right to a jury trial.

The judgment of the Court of Appeals is reversed, and the cause is remanded to that court for compliance with the provisions of App. R. 12(D).

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.