MONCOL ET AL., APPELLANTS, *v.* BOARD OF EDUCATION OF
NORTH ROYALTON SCHOOL DISTRICT; LODER ET AL., APPELLEES.

[Cite as Moncol v. Bd. of Education (1978),
55 Ohio St. 2d 72.]

(No. 76-1246—Decided July 12, 1978.)

74

*Mr. Paul Mancino, Jr.,* and *Mr. Burt H. Sagen,* for appellants.

*Messrs. Davis & Young* and *Mr. Martin J. Murphy,* for appellees.

PAUL W. BROWN, J. The Court of Appeals held that a directed verdict should have been granted appellees, James W. Loder and James W. Loder School Bus Company, by the trial court due to the failure of the appellants to produce evidence of negligence and proximate cause attributable to appellees.

Appellants theorized at trial that they had suffered a loss of property, that someone was negligent in causing a fire and that the loss of their property occurring as a consequence of that fire dictated a recovery against one or more of the numerous defendants joined in their cause of action. Since a jury verdict was returned against only appellees James W. Loder and the Loder School Bus Company and the Court of Appeals found no evidence in the record of negligence by either, the postulated liability of those appellees is our only concern.

The bus company, owner of the building in which the fire occurred, would only be liable if James Loder, assuming his negligent conduct, was working as an employee of the bus company at the time of the accident, or if the bus company was negligent by reason of its breach of a duty

to provide effective fire extinguishers or in providing defective tools and light containers which foreseeably caused the appellants' losses.

It is clear from the record that Loder was not working as an employee of the bus company at the time, but rather as an employee of the school board. The school board hired him to repair its school buses. At the time of the fire, Loder was overseeing the repair of one of the school board's buses, and thus properly working within the scope of his employment. In view of this conclusion, the fact that Loder is president and a shareholder in the bus company is irrelevant.

There was no evidence introduced at trial tending to show that the fire extinguishers were defective or caused the losses to appellants. There was no testimony that the failure of the one extinguisher to function was due to faulty equipment rather than improper operation by one of the body shop employees, Dale Claridge. There was no testimony that the tools and light containers provided by the bus company were defective and that that defect predictably caused the fire and resulting damages. There was no evidence at all linking the actions or inactions of the company to the causation of the fire or the damages suffered by the appellants.

The question remains, however, whether there was sufficient evidence to support the finding that the individual, James W. Loder, was negligent.

When determining the presence or absence of negligent conduct, it is necessary to examine (1) the existence of a duty owing to the plaintiffs; (2) a breach of that duty; and (3) proximate causation. *Bennison* v. *Stillpass Transit Co.* (1966), 5 Ohio St. 2d 122; *Baier* v. *Cleveland Ry. Co.* (1937), 132 Ohio St. 388, 391.

James Loder clearly owed a duty of due care to the plaintiffs-appellants. The essential question is whether he breached that duty, given the attendant circumstances. Appellants, claiming there was an improper draining of the tank, have put forth three theories: (1) the tank should

have been drained outside the building; (2) the container into which the gasoline mixture was drained was too shallow, and (3) the mechanic's lamp should have had a safety bulb.

Loder directed that the gas tank be drained, and it was thereafter drained inside the building. The evidence does not disclose that this was an uncommon activity for a repair garage or an unreasonable activity in this large concrete and steel building. There was no expert testimony on the standard procedures for the draining of gas tanks, which is not an area within the common knowledge of persons of average general information. *Schwer* v. *New York, Chicago & St. Louis Rd. Co.* (1954), 161 Ohio St. 15. There was some testimony by Dale Claridge concerning his procedure in draining the gas tanks on cars; but, standing alone, this testimony cannot be the foundation for a conclusion that a variation from his method was negligent conduct.

Appellants argue that the type of pan into which the gasoline mixture was drained was an improper one. Again there was no testimony offered to establish that in the mechanic's field the use of such a drain pan is considered improper or that such use was in any way responsible for appellants' losses.

Although appellants suggest that a rough surface light bulb should have been used in the mechanic's trouble light instead of a standard bulb, there was no testimony that the standard or custom in the mechanic's field is to use a rough surface bulb or that the type of bulb used was a foreseeable cause, or increased the risk, of the accident.

In summary, there is an absence of evidentiary facts or testimony raising "something substantial from which a reasonable mind can draw a logical deduction" that James Loder breached a duty owed to appellants. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469, 482. The testimony and evidence offered was entirely insufficient to identify the negligent cause of the accident and to place the blame upon Loder. It would be unjust to send

such slight evidence to the jury, for "[u]nder our law it is just as pernicious to submit a case to a jury and permit the jury to speculate with the rights of citizens when no question for the jury is involved, as to deny to a citizen his trial by jury when he has the right." *J. C. Penny Co.* v. *Robison* (1934), 128 Ohio St. 626.

In light of the determination that James Loder cannot be held liable for the losses suffered by appellants based upon any acts which he may have individually performed, we must consider whether the jury might have reasonably concluded, pursuant to the doctrine of *res ipsa loquitur,* that under all the circumstances the fire would not have occurred but for some unspecified acts of negligence by Richard Grosser, which could be imputed, under the principle of *respondeat superior,* to appellee Loder. Such a consideration, however, must be short-lived in view of the well-established rule that where, as in the instant cause, there is no evidence that a master, such as Loder, has been negligent other than through the imputation of the negligent conduct of his servant, Grosser, based upon *respondeat superior,* a judgment in favor of the servant on the merits renders invalid any judgment against the master. *Bradley* v. *Rosenthal* (1908), 154 Cal. 420, 97 P. 875; *Prendergast* v. *Jacobs* (1933), 110 N. J. L. 435, 166 A. 94. See 53 American Jurisprudence 2d 413, Master and Servant, Section 406.

Therefore, the Court of Appeals properly held that the motion for a directed verdict should have been allowed.

Appellants assert further that the Court of Appeals was without authority to reverse and enter a final judgment as it did, and should have remanded the cause for further proceedings. The appellants rely upon App. R. 12 which was interpreted in part in *Hanna* v. *Wagner* (1974), 39 Ohio St. 2d 64. This court stated in *Hanna, supra,* that in a jury case the Court of Appeals may not enter final judgment on the weight of the evidence but must remand the cause for a new trial. However, *Hanna* deals with the reversal of a jury verdict, whereas the instant cause deals

with the reversal of a denial of a motion for a directed verdict. The Court of Appeals herein was explicit when it stated, "[b]ecause of the foregoing, the trial court committed error in overruling * * * [defendants'] motion for a directed verdict at the close of * * * [plaintiffs'] case and the close of all the evidence."

*Hanna* does not control the present appeal; but, rather, App. R. 12(B) controls, and states, in pertinent part:

"* * * When the Court of Appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the Court of Appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order."

It is clear that the Court of Appeals acted within its authority when it reversed and entered final judgment for appellees.

Appellants state in their third proposition of law that the Court of Appeals must, before reversing a judgment under review, rule upon an appellee's assignment of error filed pursuant to R. C. 2505.22 before reversing a judgment. Appellants (appellees below) did not file a notice of appeal in that court as required by App. R. 4. See *Volz* v. *Volz* (1959), 167 Ohio St. 141. Rather, they chose to assign error in their brief for the limited purpose set forth in R. C. 2505.22 which states, in pertinent part, as follows:

"Assignments of error may be filed on behalf of an appellee which shall be passed upon by a reviewing court before a judgment or order is reversed in whole or in part."

This court has previously construed R. C. 2505.22 in *Parton* v. *Weilnau* (1958), 169 Ohio St. 145, in which paragraph seven of the syllabus states as follows:

"Assignments of error of an appellee who has not appealed from a judgment may be considered by a reviewing court only when necessary to prevent a reversal of the

judgment under review. (Section 2505.22, Revised Code, construed and applied.)''

Judge Taft further defined this section in the *Parton* opinion, at page 171:

''* * * it may be said that an assignment of error by an appellee, where such appellee has not filed any notice of appeal from the judgment of the lower court, may be used by the appellee as a shield to protect the judgment of the lower court but may not be used by the appellee as a sword to destroy or modify that judgment.''

It is helpful to look at the assignments of error filed in the Court of Appeals by the plaintiffs-appellants herein.

''1. The court erred in not submitting the issue of breach of peaceful possession, as claimed in the second count [of the complaint], to the jury.

''2. The court erred in [not] receiving [plaintiffs'] Exhibit 46 [list of damaged personal property] into the evidence.

''3. The court erred in reducing the amount of damages claimed to the automobile owned by Alden C. Smith.

''4. The court erred in ruling that punitive damages could not be recovered.''

Since each assignment goes to either the issue of damages or jury instructions, these assignments were rendered moot by the decision of the appellate court to grant the motion for directed verdict.

The Court of Appeals acted properly in not passing on plaintiffs-appellants' assignments of error. Appellants' third proposition of law is not well taken.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SWEENEY and LOCHER, JJ., concur.
HERBERT and W. BROWN, JJ., concur in the syllabus.
CELEBREZZE, J., dissents.