OPINION
Appellant, Allstate Insurance Co., appeals from the summary judgment issued by the Lake County Court of Common Pleas, granted in favor of appellee, Cleveland Electric Illuminating Co. ("CEI").
On September 16, 1995, appellee's employees, Joesph Iacano and Donald Ayers, were dispatched to the home of Joseph and Rose Keough to reconnect an electricity meter that had been disconnected during aluminum siding installation. The workers told the Keoughs that their power would be out for a few hours, so they left the house and went out for breakfast. CEI's employees reattached the electricity meter, replaced the wiring leading into the house, and turned the power back on. After they completed their work, they returned to their van to fill out paper work and noticed that the house was on fire. A fire investigation revealed that the source of the fire was an outlet located behind the dryer in the laundry room. Appellant paid $53,473.51 to the Keoughs for the damage to their property. On October 13, 1998, appellant filed a complaint against appellee alleging that appellee, by and through its employees, negligently performed services at 1306 East 354th Street, Eastlake, Ohio, in such a manner as to damage the property of Allstate's insured, Joseph Keough.
On December 16, 1998, appellee filed a motion for summary judgment, attaching excerpts of the deposition testimony of Rose Keough, Joseph Iacano, and Joseph Keough. Appellee also attached the affidavit of William Beutler, an engineer in the Transmission and Distribution Technical Services Department for CEI, and the incident report from the Eastlake Fire Department. Appellee argued that summary judgment was appropriate because reasonable minds must conclude that the sole cause of the fire was the defective outlet located in the Keoughs' laundry room, and appellee has no duty to inspect or repair its customers' equipment, which includes the Keoughs' defective outlet.
In response to appellee's motion for summary judgment, appellant argued that a genuine issue of material fact existed as to whether CEI's employees negligently completed the service connection at the Keoughs' residence, causing the fire and subsequent damages. To support its argument, appellant attached the affidavits of Lonnie Futchi, a cause and origin fire investigator for the Eastlake Fire Department, and Ralph Dolence, a certified fire investigator.
Lottie Futchi attested to the following facts in his affidavit:
 "8. In the course of my investigation, I conducted interviews of Rose and Joseph Keough, their sons Andrew and Matthew, and CEI employee Joe Iacano, the fire scene was photographed with a total of 26 photographs being taken and a visual inspection of the scene was completed.
 "9. The investigation determined that the origin of the fire was the utility room on the first floor of the house. I was determined that the fire origin was below an old 220 outlet which, through interviewing the Keoughs, had been abandoned for approximately 29 years and had been left in the open position.
 "11. As the electrical service was updated that morning by CEI employees and the breaker to the 220 outlet had not been used for 29 years, I turned my investigation to how the circuit breaker would have been energized.
 "12. During my investigation, I conducted an interview of CEI employee Joe Iacano. During the interview, I confronted him on whether he had turned `off' the circuit breakers within the subject panel board, then turned the circuit breakers `on.' Mr. Iacano stated that he had indeed turned all the circuit breakers `off' and further stated that he had turned all the circuit breakers `on' after reconnecting the service. He stated that this is done as a `practice' in installing services to avoid having to return to the work site at a later time because something is not working.
 "13. Ignition of the fire was accomplished when the abandoned 220 line was energized by the visiting CEI technician."
Ralph Dolence, attested to the following facts in his affidavit:
 "4. The fire was caused by the CEI crew turning on the unused dryer receptacle circuit breaker which energized the unused dryer receptacle located behind the gas clothes dryer located within the laundry room. The dryer receptacle had an electrical defect caused by contamination, moisture or mechanical damage to the unused dryer receptacle. When the receptacle was energized by the circuit breaker being turned `on,' an electrical fault occurred, heated and arced, thus, igniting the combustible materials within close proximity to the dryer receptacle in the laundry room and causing the resultant fire.
 "5. The CEI personnel's [sic] did not have to turn any of the circuit breakers within the subject circuit panel board to the `off' position in order to replace the service entry cable. The CEI personnel could have de-energized the entire electrical panel by turning the main disconnect to the `off' position.
 "6. The CEI personnel's failure to note the position of the circuit breakers within the panel, failure to read the service index on the inside cover of the panel door and in turning all the circuit breakers within the electrical panel `off' then turning all the circuit breakers `on' deviated from common electrical practices and amount to a failure on CEI's employees to exercise professionalism within their duties and responsibilities under the circumstances, causing the fire.
 "7. The installation method of the subject 30 amp dryer receptacle which failed and caused this fire, 29 years prior to the fire, is irrelevant.
 "8. The subject dryer receptacle in the state it existed prior to the fire, would not have caused a problem or a fire unless it was energized."
On March 11, 1999, the trial court granted summary judgment in favor of appellee. From this judgment, appellant assign the following error:
 "The trial court erred to the prejudice of plaintiff-appellant in granting the defendant-appellee's motion for summary judgment."
Summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. Morris v.Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47,517 N.E.2d 904. Summary judgment may be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
Appellant contends that summary judgment was inappropriate in this case because reasonable minds could come to different conclusions as to whether appellee's employees acted negligently by energizing the previously de-energized circuit breaker, which caused the fire in the defective outlet.
"When determining the presence or absence of negligent conduct, it is necessary to examine (1) the existence of a duty owing to the plaintiffs; (2) a breach of that duty; and (3) proximate causation." Moncol v. Bd. of Education (1978), 55 Ohio St.2d 72,75, 378 N.E.2d 155. In the instant case, the parties dispute whether CEI owed a duty to appellant's insured. Appellee argues that because a public utility has no duty to inspect or repair its customers' equipment and the sole source of the fire was the Keoughs' defective outlet, it cannot be held liable, as a matter of law.
While a public utility has no duty to inspect or repair its customer's equipment, see Otte v. Dayton Power Light Co.
(1988), 37 Ohio St.3d 33, 38, 523 N.E.2d 835, citing Naki v.Hawaiian Elec. Co. (1968), 50 Haw. 416, 442 P.2d 55, we conclude that a public utility has a duty to comply with common electrical practices when providing service in a customer's home. In Otte, the Supreme Court of Ohio stated:
 "We have repeatedly held that a public utility is required to exercise the highest degree of care consistent with the practical operation of its business in the construction, maintenance, and inspection of its equipment and is responsible for any conduct falling short of that standard." Id. at 38, citing Hetrick v. Marion-Reserve Power Co. (1943), 141 Ohio St. 347, 48 N.E.2d 103.
The above statement of law specifically discusses the construction, maintenance, and inspection of the public utility's equipment. Although a public utility may not have a duty to exercise the highest degree of care when servicing a customer's equipment, we believe that a public utility has a duty to exercise ordinary care when it enters a customer's home and performs electrical service.
Summary judgment was inappropriate in the instant case because the affidavits of Lonnie Futchi and Ralph Dolence raise a genuine issue of material fact. Both affidavits state that the act of energizing the defective outlet caused the fire. Ralph Dolence stated that:
 " * * * failure to note the position of the circuit breakers within the panel, failure to read the service index on the inside cover of the panel door and in turning all the circuit breakers within the electrical panel `off' then turning all the circuit breakers `on,' deviated from common electrical practices and amount to a failure on CEI's employees to exercise professionalism within their duties and responsibilities under the circumstances, causing the fire."
Because a question of fact exists as to whether CEI breached the standard of care by turning on all of the circuit breakers within the Keoughs' electrical panel without noticing that the breaker for the dryer was in the "off" position, the trial court erred by granting summary judgment in favor of appellee. Appellant's sole assignment of error has merit.
For the foregoing reasons, the judgment of the Lake County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this opinion.
 ______________________________ ROBERT A. NADER, JUDGE
FORD, P.J., concurs, CHRISTLEY, J., dissents with dissenting opinion.
DISSENTING OPINION