This is an appeal from an order of Lyndhurst Municipal Court Judge Robert J. Grogan adopting the decision of Magistrate Albert J. Morhard. Defendant-appellant Tuffy Auto Service Center (Tuffy) claims it was error to render a judgment for $325.94 in favor of appellee Eddie D. Johnson for its failure to repair his 1987 truck. It alleges Johnson failed to provide expert testimony necessary to prove the elements of his case. We disagree and affirm.
From the record we reviewed the original papers and exhibits, and a statement of the evidence under App.R. 9(E). Through his small claims court complaint, Johnson claimed he visited Tuffy on January 20, 1999 because his truck was running bad and was not idleing [sic]. A service technician indicated that he would run a diagnostic test and find the problem. As a result Johnson was told the truck needed a map sensor and he approved the repair. The Tuffy receipt for $157.08 with tax reflected an engine diagnostic charge of $49.95, a map sensor cost of $78.63 and labor of $28.50.
After this repair, Johnson noticed that the engine was running fast and questioned the service technician who allegedly told him the engine needed a throttle body screw. Johnson claimed he was told to obtain the part from a junk yard, which he did, and returned to Tuffy on January 27, 1999. The throttle body screw was installed at the cost of $64.20 for body parts, but the engine still ran fast. Johnson claimed the service technician allegedly assured him that the truck would be ok. In his October 1, 1999 App.R. 9(E) statement of the evidence, the judge noted that Johnson had testified that the engine ran exactly the same as it did when he first brought the vehicle in for repair.[1]
Johnson alleged that, despite the prior repairs, the truck ran in the same condition so he returned to Tuffy on April 21, 1999. Tuffy claimed that following Johnson's claim the engine was not idling properly, the service technician performed a diagnostic, determined the O2 sensor was defective, replaced it after Johnson approved the repair, and charged $89.48 for part and labor with no charge for the diagnostic testing. Because the engine still did not run right, Johnson returned to Tuffy the next day and was told to take the truck to a dealer. He testified that he took the truck to a Chevrolet dealer where it was repaired to his satisfaction at a cost of $308.
The App.R. 9(E) statement of the evidence indicates that the Tuffy representatives testified that they were experts in the field of auto repair and had run various diagnostic tests on the truck engine and performed the repairs as indicated. They admitted that the truck did not run properly after each of the repairs, but a Tuffy's representative stated that the truck had in excess of 100,000 miles on it and could not be expected to run any better than the way it was running when it left their repair shop the last time.
In his decision of July 30, 1999, the magistrate found that Johnson took his vehicle to Tuffy, an auto repair expert, and relied upon its expertise to diagnose and repair problem * * * to have problem corrected and problem was not corrected. He held as a matter of law that Tuffy failed to properly diagnose problem and made unnecessary repairs, and recommended judgment in Johnson's favor in the amount of $325.94 at Tuffy's costs.
Tuffy filed objections to this decision, Johnson filed a response, and the judge adopted the decision in an August 19, 1999 journal entry finding in pertinent part:
 THE COURT FINDS THAT BOTH PARTIES APPEARED IN THIS COURT ON JULY 23, 1999 AND THE MAGISTRATE HAD THE BENEFIT OF HEARING BOTH PARTIES, AND BASED THEREON, MADE FINDINGS OF FACT AND LAW AND RENDERED JUDGMENT FOR PLAINTIFF FOR $235.94. FROM THE EXHIBITS THE COURT FINDS THAT DEFENDANT REPRESENTS THAT TUFFY DOES IT RIGHT ON ITS ESTIMATES AND INVOICES. THEREFORE[,] THIS IS A CONTRACT CASE WHERE THE DEFENDANT TUFFY AUTO SERVICE CENTERS HELD ITSELF OUT AND INDEED UNDERTOOK REPAIR OF THE PLAINTIFF'S 1987 CHEVY PICKUP TRUCK AND REPRESENTED THAT THE REPAIRS WERE COMPLETED AS AGREED AND PLAINTIFF PAID FOR SAME IN FULL ($325.94). AS IT TURNED OUT[,] THE DEFENDANT DID NOT DO THE REPAIRS IN A SATISFACTORY MANNER AND NOT AS CONTRACTED OR AS WARRANTED. PLAINTIFF IS ENTITLED TO RETURN OF HIS MONEY PAID TO DEFENDANT.
Tuffy raises a single assignment of error:
 THE TRIAL COURT ERRED IN ADOPTING THE MAGISTRATE'S DECISION AND FINDING IN FAVOR OF THE PLAINTIFF, ABSENT THE EXPERT TESTIMONY REQUIRED OF PLAINTIFF TO PROVE HIS CLAIM FOR NEGLIGENT REPAIRS.
Tuffy contends that Johnson failed to prove every element of his negligence claim because he failed to provide expert testimony that its mechanic deviated from the applicable standard of care for engine repairs in the automobile industry. Because the mechanic who worked on Johnson's truck testified he followed the standard and was not negligent, Tuffy asserts the judgment was not supported by competent, credible evidence.
Tuffy does not address or argue that Johnson failed to prove the elements of contractual liability, the basis for the magistrate's and the judge's determinations. Even if we agreed with Tuffy, our conclusion that Johnson did not present evidence to satisfy Tuffy's liability in tort would not warrant the reversal of a judgment based upon unchallenged contract principles.
In any event, the crux of Tuffy's arguments is directed to whether the law requires Johnson to provide expert testimony to support his claim. Tuffy cites Moncol v. Board of Edn. of North Royalton Sch. Dist. (1978),55 Ohio St.2d 72, 378 N.E.2d 155, for the proposition that a plaintiff must produce expert testimony to show a defendant's liability on a claim of negligent repair. This case, however, does not stand for that broad proposition. Rather, it indicates that expert testimony was needed to support the plaintiff's claim because the standard procedures for the draining of gas tanks [which ultimately caught fire] * * * is not an area within the common knowledge of persons of average general information. Id. at 76. This is in keeping with the general rule that expert testimony is not required to establish a standard of care when the action involves conduct within the common knowledge and experience of jurors. Dimora v.Cleveland Clinic Found. (1996), 114 Ohio App.3d 711, 718, 683 N.E.2d 1175
(applying rule in professional negligence action); see Floyd v. UnitedHome Imp. Ctr., Inc., (1997), 119 Ohio App.3d 716, 721, 696 N.E.2d 254
(applying rule to builder's alleged deviation from common standards of workmanship or failure to exercise ordinary care); Simon v. Drake Constr.Co. (1993), 87 Ohio App.3d 23, 26, 621 N.E.2d 837 (applying rule to architect's alleged deviation from standard of care); see, also, Evid.R. 702(A) (A witness may testify as an expert if * * * [t]he witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons[.]). This general rule also has been applied in the context of a contract action. Jurgens Real Estate v. R.E.D. Constr. (1995),103 Ohio App.3d 292, 298, 659 N.E.2d 292 [659 N.E.2d 353], ([I]n the absence of unusual circumstances, the issue of [construction] delay appears to be beyond the scope of Evid.R. 702."). In the casesub judice, Johnson claimed that he first brought the truck in for repair because the engine did not idle or run correctly and that he continued to bring the truck for the same problem. Other than to say that expert testimony is required, Tuffy has not articulated why it is necessary to require an expert to testify that Tuffy's repairs admittedly did not resolve the engine problem. Absent unusual circumstances, we cannot conclude that the issue of contractual liability for unworkmanlike repairs to an improperly idling or running truck engine does not relate to matters beyond the knowledge or experience possessed by lay persons. Therefore, Tuffy's assignment of error is not well taken.[2]
Judgment affirmed.
It is ordered that the appellee recover from appellant his costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, ADMINISTRATIVE JUDGE AND KENNETH A. ROCCO, J., CONCUR.
 ______________________ ANNE L. KILBANE, JUDGE
[1] Tuffy points out in its brief that the judge was not present at the hearing, only the magistrate.
[2] Tuffy also argues that, since it filed its own statement of the evidence pursuant to App.R. 9(C), this court should disregard the judge's improperly filed App.R. 9(E) statement of the evidence. Tuffy cites no authority to support its argument. We note that App.R. 9(E) allows the trial judge to direct that an omission or misstatement be corrected [i]f any thing material to either party is omitted from the record by error or accident or is misstated therein.