On this appeal from an order of Judge Janet R. Burnside, I dissent. I would sustain Tillery's first assignment of error because the judge improperly classified him as a sexual predator based solely upon the fact of his two prior sexual offense convictions, and found that evidence alone was sufficient to prove his likelihood of re-offending. I would find the other assignments of error moot.
I first note that the author of the majority opinion has decided that this court now reviews sufficiency of the evidence challenges using a manifest weight standard.[2] I protest this erroneous standard of review, not because it is less demanding than sufficiency review, but because it implies that the evidence is sufficient even if none is presented and that an accused sexual predator can never obtain a remedy that will bar a subsequent prosecution.
The judges of this court should simply admit that one does not employ a manifest weight standard to address a sufficiency challenge,[3] and cease blindly accepting this misstatement. To do otherwise reflects a conscious intent by members of this court to decide that an accused sexual predator does not have the right to make a sufficiency challenge, and thus provide some members of this court with a rationale for denying preclusive effect to sexual predator determinations reversed for insufficient evidence,[4] since a reversal on weight of the evidence does not have preclusive effect, but is instead grounds for a new trial.[5]
The majority reasons that a civil manifest weight standard applies to Tillery's sufficiency challenge because this is a civil, and not a criminal, proceeding. The majority declines to explain why one cannot attack legal sufficiency in a civil case, but simply cites State v.Cook, supra, for the proposition that the manifest weight standard applies in all sexual predator proceedings, and then cites a number of cases from other districts in an effort to show that they, too, apply a manifest weight analysis in sexual predator appeals.
In Cook, the Ohio Supreme Court reversed an appellate judgment in favor of the offender, and made a manifest weight finding as a means of affirming the trial judgment, in the apparent absence of any assignment of error from the offender and in response to a general assignment of error made in the appellate court. As will be shown below, manifest weight review includes sufficiency review and, therefore, manifest weight analysis was appropriate in this circumstance because Cook had no specific evidentiary challenge before the court, and had made a general assignment in the court below that arguably attacked the weight of the evidence. In an exercise of prudence, then, the Ohio Supreme Court addressed manifest weight in Cook to ensure proper resolution.
I must also mention that the majority's perception of State v.Eppinger[6] as precluding a sufficiency review in sexual predator cases is insupportable. In a portion of its opinion titled "Sufficiency of the Evidence" the Eppinger court stated:
 [I]n order for the offender to be designated a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses. (Emphasis sic.)[7]
The court made clear that the State must prove each element to justify the classification, and concluded that the State had failed to provide sufficient evidence of the defendant's likelihood of re-offending.[8]
The court failed to enter judgment as a matter of law in defendant's favor only because the question was not raised; the case was brought on the State's appeal of a remand order from the Court of Appeals for Cuyahoga County, and defendant-appellee Eppinger did not cross-appeal.
Of the remaining eleven cases cited by the majority, eight are irrelevant to the issue here because the defendants specifically challenged the manifest weight of the evidence.[9] In the three remaining cases, one uses a manifest weight analysis to address a sufficiency challenge without explanation,[10] one concerns a Civ.R. 41(B)(2) motion to dismiss in a non-jury proceeding, which is irrelevant because it applies only where the court grants dismissal of the plaintiff's (in this case, the State's) case,[11] and the third, State v. Childs, supra,[12] authored by the same majority writer, uses the same unexplained citation to Cook that he relies upon here.
I agree with the proposition that Tillery's case is civil,[13]
although with the qualification that it is not a civil case in the tradition of an ordinary negligence or contract dispute, but is classified as a civil proceeding only because it cannot properly be called part of the fundamental criminal proceedings. As will be discussed, the fact that this is nominally a civil case does not mean that Tillery is stripped of all rights otherwise granted to persons facing deprivations of important liberty interests. The Ohio Supreme Court has specifically recognized the "profound impact"[14] and "grave consequences"[15] flowing from a sexual predator finding, and has liberally interpreted the statutory scheme, which already grants rights ordinarily reserved to criminal defendants.[16]
The majority's argument, however, does not go beyond stating that the proceeding is civil, followed by unexplained citation to largely irrelevant authority. As it stands, then, the majority opinion is based on a finding that this is a civil case, and that other courts addressing manifest weight challenges have applied manifest weight analysis. I cannot accept this as an argument, and will not further address it. Instead, I find it necessary to address the logical propositions upon which I believe the majority opinion (albeit incorrect) could be based.
The argument supporting the majority opinion appears to result from two conclusions: (1) that there is no difference between the civil standards of review for manifest weight and sufficiency; and (2) that sufficiency review is therefore unavailable in civil cases, because all review tests the manifest weight of the evidence. These propositions are derived from the mistaken belief that State v. Thompkins, supra, applies only to criminal cases, and that the appropriate standard of manifest weight review in civil cases remains that stated in C.E. Morris Co. v. FoleyConstr. Co.[17]
This view of C.E. Morris, however, does not posit that sufficiency review is unavailable, but holds only that, in civil cases, manifest weight review is identical to sufficiency review.[18] Consequently, in a civil case, this view holds that if the evidence is legally sufficient to support the verdict, there can be no finding that the verdict is against the manifest weight of the evidence.[19] From this misunderstanding of Thompkins and the civil manifest weight standard, I fear the majority intends to prohibit accused sexual predators from making sufficiency challenges (even at the risk of prohibiting such challenges in all civil cases) by casting them as manifest weight challenges.
I first note that, even accepting the argument that civil sufficiency and manifest weight challenges are identical, this counsels for the elimination of the remedy for civil manifest weight challenges, and not for sufficiency challenges. The Thompkins distinction between sufficiency and manifest weight is comparable, at least in one respect, to the geometric comparison between a square and a rectangle; any verdict based on insufficient evidence (the square) is necessarily also against the manifest weight of the evidence (the rectangle), but a verdict that is against the manifest weight of the evidence is not necessarily insufficient. If this distinction does not exist in civil cases because a manifest weight challenge must show insufficiency (the rectangle must prove it is a square) before it is recognized, the logical result is that only insufficiencies (squares) are recognized; it makes no sense to treat the squares as though they were rectangles after one has ceased to recognize rectangles. Similarly, if the only civil evidentiary standard is for legal sufficiency, it makes no sense to apply the remedy for manifest weight after the defendant has shown he is entitled to judgment as a matter of law.
There should be no doubt that even civil litigants are allowed to challenge the legal sufficiency of evidence and seek judgment as a matter of law:
 When a motion for a directed verdict is entered, what is being tested is a question of law; that is, the legal sufficiency of the evidence to take the case to the jury. This does not involve weighing the evidence or trying the credibility of witnesses; it is in the nature of a demurrer to the evidence and assumes the truth of the evidence supporting the facts essential to the claim of the party against whom the motion is directed, and gives to that party the benefit of all reasonable inferences from that evidence.[20]
Furthermore, there should be no doubt that when an appellate court finds that a litigant is entitled to judgment as a matter of law, it has a duty to enter that judgment or instruct the trial judge to do so.[21]
The more important point this analysis should illuminate, however, is the fundamental error in believing that C.E. Morris mandates a civil standard that makes no distinction between sufficiency and manifest weight. This error stems not only from a misreading of that case, but the unjustified limitation of Thompkins to criminal proceedings.
Thompkins states, at paragraph two of its syllabus, the following:
 The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.
Nowhere within these nineteen words are the words "criminal" or "civil" found, and no distinction is made or implied. There is no reason to assume that this rule of law does not apply in civil cases simply because it was announced in a criminal case, and no such distinction is stated in App.R. 12. Moreover, in reaching this conclusion, the Thompkins court noted that the "differences between a reversal grounded on the weight of the evidence and one based on legally insufficient evidence" had been recognized in civil, as well as criminal cases.[22]
In all of these civil cases, the Ohio Supreme Court recognized that weight and sufficiency were different concepts, analyzed using different standards, and having different effects.[23] In general all these cases recognize that manifest weight can be remedied by granting a new trial, while a judgment based on legally insufficient evidence entitles the defendant to judgment as a matter of law.[24] In Lieberman, the Court specifically noted that manifest weight review occurs only after the evidence has been found sufficient, and that insufficiency results in reversal and entry of judgment as a matter of law, barring further proceedings.[25]
Furthermore, the Thompkins court specifically overruled a civil case,Brittain v. Indus. Comm.,[26] that found the concepts of manifest weight and sufficiency identical for purposes of constitutional interpretation.[27] There is no indication that Thompkins intended to overrule Brittain only with respect to criminal cases, and no reasonable basis for concluding that Thompkins is so limited. After Thompkins, it is nonsensical to believe the erroneous proposition that weight and sufficiency are synonymous can still be considered good law in a civil case, when Brittain itself has been overruled without qualification.
There should be no dispute that any appellant, civil or criminal, should have the right to choose whether to attack a judgment for legal insufficiency or upon manifest weight. The majority citation to State v.Scott, supra, however, deserves further scrutiny to avoid misunderstanding.[28]
In Scott, the State appealed a trial judge's grant of directed verdict to an accused after the State's presentation of evidence at a sexual predator hearing. The Court of Appeals for Logan County ruled that the State's challenge was subject to the dismissal standards of Civ.R. 41(B)(2), and not the directed verdict standard of Civ.R. 50. Consequently, the court ruled that, in order to obtain reversal, the State must prove the judgment was erroneous as a matter of law or against the manifest weight of the evidence.
This standard, applied in non-jury proceedings after the plaintiff's presentation of evidence, is intended to provide a judge more discretion in a bench trial because he is the finder of fact. However, it would be unfair and unreasonable to hold that Civ.R. 41(B)(2) was intended to deny a defendant the choice or opportunity to obtain judgment as a matter of law, or to deny the judge or an appellate court the authority to make the same determination.
App.R. 12(B) and (C) state, in relevant part, as follows:
(B) Judgment as a matter of law
 * * * When the court of appeals determines that the trial court committed error prejudicial to the appellant and that the appellant is entitled to have judgment or final order rendered in his favor as a matter of law, the court of appeals shall reverse the judgment or final order of the trial court and render the judgment or final order that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment or final order. * * *
 (C) Judgment in civil action or proceeding when sole prejudicial error found is that judgment of trial court is against the manifest weight of the evidence
 In any civil action or proceeding which was tried to the trial court without the intervention of a jury, and when upon appeal a majority of the judges hearing the appeal find that the judgment or final order rendered by the trial court is against the manifest weight of the evidence and do not find any other prejudicial error of the trial court in any of the particulars assigned and argued in the appellant's brief, * * * the court of appeals shall reverse the judgment or final order of the trial court and either weigh the evidence in the record and render the judgment or final order that the trial court should have rendered on that evidence or remand the case to the trial court for further proceedings * * *.
These provisions make clear not only that there is a difference between judgment as a matter of law and judgment upon the weight of the evidence, but App.R. 12(C) also contemplates a litigant who chooses to challenge a judgment upon the weight of the evidence,[29] rather than one forced to do so solely because he did not have the benefit of a jury trial. Civ.R. 41(B)(2) is designed to aid defendants by expanding the judge's discretion, and does not thereby remove the judge's discretion to enter judgment as a matter of law if the defendant is so entitled. Similarly, the lack of a jury cannot immunize a judge's ruling from sufficiency review under App.R. 12(B); a non-jury proceeding has no characteristics justifying such immunity.
Because manifest weight review encompasses sufficiency review, one might think it harmless to apply the broader manifest weight standard where the defendant has challenged only sufficiency. Even though some might see the broader review as granting extra protection to defendants, I fear that the manifest weight analysis is intended to, or likely will be, employed to justify this court's continued remands of sexual predator proceedings reversed for insufficiency, where the proper remedy should be entry of judgment in favor of the accused. Where the defendant expressly attacks sufficiency and claims entitlement to judgment as a matter of law, this court should review that claim rather than, or at least before, converting it to a manifest weight challenge. Sufficiency and manifest weight are different standards with different remedies, and should be separately addressed.
Before addressing the sufficiency of the evidence here, I feel it necessary to address the majority's contention that a civil manifest weight standard applies, rather than the criminal standard set forth inThompkins. The important question raised in Reed v. Key-ChryslerPlymouth, after all, is not whether there is a difference between sufficiency and weight analysis in civil cases (for there clearly is), but whether the civil manifest weight analysis is less demanding than that employed in criminal cases.[30] Moreover, even though sexual predator proceedings are nominally civil, the majority notes a significant split of authority between application of criminal or civil manifest weight standards in sexual predator proceedings.[31]
While I believe this issue should be resolved in favor of criminal standards because sexual predator proceedings have "grave consequences"[32] and "profound impact"[33] on defendants, and concern governmental restrictions on important individual liberties, the question need not be decided here because sufficiency of the evidence is measured under the same standard in both criminal and civil proceedings. The test is whether a reasonable trier of fact could find, based on the evidence presented, that all required elements reach the threshold necessary in accordance with the applicable burden of proof.[34]
In finding that Tillery was a sexual predator, the judge stated:
 This really presents a narrow question for me to decide. I mean, there are the mitigating factors that Mr. Tillery did participate in prison programs, and I am not comfortable using the charge, the no bill case, even though it involved similar criminal behavior. But I am still of the mind that having two rape convictions under these circumstances is sufficient basis to convince me by clear and convincing evidence that Mr. Tillery is a sexual predator. So that is my conclusion today, relying upon all of the evidence presented to me in the arguments and the factors.
I disagree with the judge's conclusion that the two sexual offense convictions, standing alone, were sufficient to show that Tillery "is likely to engage in the future in one or more sexually oriented offenses."
This court has held that a single conviction for a sexually oriented offense is not, standing alone, sufficient to sustain a sexual predator determination.[35] While a second conviction for a sexual offense is evidence indicating a likelihood of future offenses, it cannot be conclusive. R.C. 2950.09(C)(2)(b)(ii) is inconsistent with such a presumption, because it specifically considers offenders who have been found not to be sexual predators despite having two convictions for sexually oriented offenses, and states that such offenders shall be classified as habitual sex offenders. If two convictions, standing alone, were conclusively sufficient to sustain a sexual predator determination, there would be no need for a separate habitual sex offender classification, and R.C. 2950.09(C)(2)(b)(ii) would be meaningless.
Not only is the statutory scheme inconsistent with a conclusive presumption that two sexual offense convictions are sufficient to sustain a sexual predator determination, the requirement of further evidence prevents the extension of the rule to include allegations instead of convictions. The majority relies on an allegation that failed to lead even to an indictment as evidence in support of the sexual predator determination, despite the fact that the judge expressly (and correctly) refused to consider the allegation as relevant evidence. Even though the Ohio Supreme Court stated, in State v. Cook,[36] that the Rules of Evidence do not strictly apply in sexual predator hearings and that a judge may consider "reliable hearsay," such as a presentence investigation report,[37] judges must remember that the presentence report is usually only the final repetition of multiple hearsay statements, and one must look further to determine whether the hearsay is "reliable." The presentence report might reliably record the fact that prior allegations were made; it cannot, however, aid the reliability of the hearsay allegations themselves. The judge understood this in refusing to consider the unsubstantiated allegations, expressly stating that the no-bill result extinguished any valid reliance on the unsworn allegations.[38]
The majority, however, in raising the no-billed allegations as relevant evidence even though they were not considered below, illustrates the danger of allowing particular evidence to conclusively outweigh all other factors when making a sexual predator determination. A conclusive presumption that applies to a second conviction might easily be stretched to include a single conviction accompanied by further allegations, regardless of the nature of the allegations or their reliability.
Although a second sexual offense conviction is evidence contributing to a sexual predator determination, the conviction evidence must be supported by other evidence tending to show the accused's likelihood of committing future offenses. Here, however, the judge specifically relied solely on the convictions themselves to sustain the determination, and that reliance was insufficient. While I would not sustain the fifth assignment of error because I believe the judge considered the factors of R.C. 2950.09(B)(2), I would reverse the sexual predator determination as based on insufficient evidence because the judge relied solely on Tillery's two sexual offense convictions as conclusive evidence of his likelihood of re-offending.
After responding to Tillery's sufficiency challenge by finding that the determination was not against the manifest weight of the evidence (although this finding was based, in part, on evidence the judge found inadmissible), the majority next summarily rejects Tillery's constitutional arguments, citing a number of previous decisions of this court that summarily rejected the same arguments. While I agree that this court has validly addressed and rejected the arguments raised in assignments of error two and three, I do not agree that this court has properly considered the arguments raised in Tillery's fourth assignment of error. A summary rejection that is based on a summary rejection is not a decision, but an abdication.
While I would find Tillery's constitutional arguments moot because of my disposition of the first assignment of error, I must protest the majority's failure to analyze the issues raised or the authority upon which it relies in rejecting the fourth assignment of error. The majority cites State v. Ward, supra, in which this court stated, without analysis, that Ohio's sexual predator scheme satisfied procedural due process concerns because it provided "notice and an opportunity to be heard."[39] This boilerplate response cannot substitute for the reasoning necessary to address the concerns raised in the fourth assignment of error.[40] Again, although I would find this assignment moot, my dissenting opinion in State v. Hills (Feb. 7, 2002), Cuyahoga App. No. 78546, unreported, concerning an identical assignment of error, is fully applicable here as well.
I would reverse the judgment as based on insufficient evidence and find Tillery's remaining assignments moot.
[2] State v. Childs (2001), 142 Ohio App.3d 389, 395, 755 N.E.2d 958,962, written by Judge O'Donnell, citing as his authority State v. Perry
(Nov. 16, 2000), Cuyahoga App. No. 77724, unreported, also written by Judge O'Donnell, citing State v. Cook (1998), 83 Ohio St.3d 404 where, based upon the underlying appellate opinion, the relevant challenge appears to be a general assignment that the judge erred in determining the defendant to be a sexual predator, a challenge in part relating to the credibility, to the "manifest weight," of evidence in a presentence report that was not part of the record. State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported.
[3] See, e.g., State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387,678 N.E.2d 541, 546-547 (discussing difference between weight and sufficiency).
[4] The current rationale is, in most instances, an appeal to mistaken remand orders in cases where the parties apparently did not argue the remedy, and without any discussion of the rationale for such remand. SeeState v. Wilson (Oct. 26, 2000), Cuyahoga App. No. 77530, unreported, citing State v. Ward (1999), 130 Ohio App.3d 551, 562-563, 720 N.E.2d 603,611. I note, however, that while Ward mistakenly cast its review as sufficiency, the court in fact found that the judge erred by failing to consider all the evidence that had been presented, and remanded for "further consideration of `all parts of the record that may well substantiate the trial court's decision * * *.'" Id., citing State v.Wilson (Sept. 11, 1998), Hamilton App. NO. C-970880, unreported. While I have since questioned my concurrence in Ward for other reasons, discussedinfra, and might also reach a different result on the remand issue today, there is a marked difference between remanding a case for review of evidence that was previously presented and a remand for the purpose of presenting new evidence.
[5] Civ.R. 59(A)(6).
[6] (2001), 91 Ohio St.3d 158, 743 N.E.2d 881.
[7] Id. at 163, 743 N.E.2d at 886-887.
[8] Id. at 164-165, 743 N.E.2d at 887-888.
[9] State v. Wilkerson (2000), 138 Ohio App.3d 861, 863, 742 N.E.2d 716,717; State v. Gerhardt (Aug. 31, 2001), Clark App. No. 00CA0090, unreported; State v. Hood (Nov. 14, 2001), Washington App. No. 00CA51, unreported; State v. Cooper (Oct. 24, 2001), Muskingum App. No. CT2001-0013, unreported; State v. Sims (June 27, 2001), Jefferson App. Nos. 99-J-43, 99-JE-57, unreported; State v. Austin (Nov. 21, 2001), Summit App. No. 20554, unreported; State v. Robinson (Nov. 21, 2001), Lake App. No. 99-L-177, unreported; State v. Benson (Aug. 28, 2000), Butler App. No. CA99-11-194, unreported. I am at this point unconcerned with the majority's distinction between cases applying a purportedly civil or criminal standard of manifest weight. The existence of this dispute, however, may be instructive when considering subsequent issues.
[10] State v. Parsons (Aug. 17, 2001), Huron App. No. H-00-042, unreported. Reference to the burden of proof is not an explanation, and reference to the "remedial" nature of the hearing bears on the civil or criminal nature of the proceeding, not the nature of the evidentiary challenge.
[11] State v. Scott (Feb. 15, 2001), Logan App. No. 8-2000-26, unreported. Furthermore, as discussed infra, nothing in Civ.R. 41(B)(2) would prevent a defendant from expressly moving for dismissal solely on legal sufficiency, or a judge from expressly ruling on such grounds.
[12] Even though Childs is a reported decision, I do not consider it binding on this issue because the Ohio Supreme Court decision inThompkins applies.
[13] State v. Gowdy (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579,589.
[14] Id.
[15] Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d at 885.
[16] Id., at syllabus; R.C. 2950.09(B)(1).
[17] (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578.
[18] Reed v. Key-Chrysler Plymouth (1998), 125 Ohio App.3d 437,440, 708 N.E.2d 1021, 1023.
[19] Id.
[20] Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68, 23 O.O.3d 115, 116-117, 430 N.E.2d 935, 938.
[21] App.R. 12(B); Moncol v. Bd. of Edn. of N. Royalton School Dist. (1978), 55 Ohio St.2d 72, 77-78, 9 O.O.3d 75, 378 N.E.2d 155,158-159.
[22] Thompkins, 78 Ohio St.3d at 388, 678 N.E.2d at 547.
[23] In re Lieberman (1955), 163 Ohio St. 35, 39, 56 O.O. 23,125 N.E.2d 328, 330; Bown Sons v. Honabarger (1960), 171 Ohio St. 247,252, 12 O.O.2d 375, 168 N.E.2d 880, 884; Baxter v. Baxter (1971),27 Ohio St.2d 168, 170-171, 56 O.O.2d 104, 271 N.E.2d 873, 875.
[24] Lieberman, supra.
[25] Id.
[26] (1917), 95 Ohio St. 391, 115 N.E. 110.
[27] Thompkins, 78 Ohio St.3d at 388-389, 678 N.E.2d at 547-548.
[28] I do not suggest that the Court of Appeals for Logan County would construe Scott as supporting the denial of sufficiency challenges, but address the issue only in an abundance of caution; I note again that the majority has not relied on Scott's reasoning, but has simply included the case among a string of uncritical citations to irrelevant or unexplained authority.
[29] "* * * and do not find any other prejudicial error of the trial court in any of the particulars assigned and argued in the appellant's brief * * *."
[30] Reed, 125 Ohio App.3d at 440-441, 708 N.E.2d at 1023-1024.
[31] The majority concludes that the civil standard is applicable because it counts more courts applying it than have applied the criminal standard, and makes no attempt to address the reasoning in favor of either position.
[32] Eppinger, 91 Ohio St.3d at 162, 743 N.E.2d at 885.
[33] Gowdy, 88 Ohio St.3d at 398, 727 N.E.2d at 589.
[34] State v. Thompkins; Ruta v. Breckenridge-Remy Co.; see, also,Cross v. Ledford (1954), 161 Ohio St. 469, 477, 120 N.E.2d 118, 123
(reviewing court assesses challenge under applicable burden of proof).
[35] State v. Ward (1999), 130 Ohio App.3d 551, 561, 720 N.E.2d 603,610.
[36] (1998), 83 Ohio St.3d 404, 700 N.E.2d 570.
[37] Id. at 425, 700 N.E.2d at 587.
[38] I do not, therefore, exclude this evidence based upon an assessment of its weight, but based upon the fact that the judge excluded it from evidence.
[39] Ward, 130 Ohio App.3d at 558, 720 N.E.2d at 608.
[40] See, e.g., Mathews v. Eldridge (1976), 424 U.S. 319, 335,96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (stating factors that must be considered when analyzing adequacy of procedural protections).